## Thomas W. Durant *vs.* William B. Eaton & others.

By the Gen. Sts. *c.* 11, § 51, the assessors of a town are not liable in damages for assessing erroneously, but with integrity and fidelity, a tax on a person not an inhabitant thereof.

TORT against the assessors and collector of taxes of the town of Haverhill, and a deputy of the sheriff of Essex, for arrest and imprisonment of the plaintiff by the deputy on a warrant issued by the collector for a tax contained on a list committed to him by the assessors with their warrant for its collection.

At the trial in the superior court, the fact of the arrest and imprisonment was proved, but no question was made by the

plaintiff as to the regularity of the proceedings, provided that he was an inhabitant of Haverhill at the time of the assessment of the tax. In the writ he described himself as of Montreal in Canada East; and he introduced evidence tending to prove that he was not an inhabitant of Haverhill at the time in question; but the judge ruled that, assuming it to be so proved, yet the defendants were not liable to him.

A verdict was returned for all the defendants; and as to the collector and the deputy sheriff, and certain of the assessors who did not sign the warrant to the collector, the plaintiff suffered judgment to be entered without objection; but to the ruling of the judge in its application to the other assessors he alleged exceptions.

*W. F. Gile*, for the plaintiff.

*C. Saunders*, for the defendants.

CHAPMAN, J. The case of *Baker* v. *Allen*, 21 Pick. 382, is decisive of this case. See also *Griffin* v. *Rising*, 11 Met. 345. The statute which protects assessors from responsibility except for the want of integrity and fidelity on their own part (Gen. Sts. *c.* 11, § 51) throws the exclusive responsibility upon the town of Haverhill, and makes it responsible to the plaintiff if he can establish his case. If the town had had no legal existence, the case would have been like that of *Dickinson* v. *Billings*, 4 Gray, 42, and the statute would not have protected the defendants. *Exceptions overruled.*