BERNARD H. ALGER *vs.* INHABITANTS OF EASTON.

Bristol. October 27, 1875. WELLS & MORTON, JJ., absent.

An action of tort cannot be maintained against a town for the acts of its assessors and collectors in assessing and levying a poll tax upon a person not an inhabitant thereof, even if the assessors act with integrity and fidelity and are therefore by the Gen. Sts. *c.* 11, § 51, not themselves liable to an action.

TORT for assault and battery and false imprisonment. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff was assessed by the assessors of the defendant town, there being no want of integrity and fidelity on their part, for a poll tax for the year 1873. The assessors duly committed their tax list with their warrant to the collector of the defendant town. The collector afterwards duly issued a warrant to Rufus H. Willis, a deputy sheriff, residing in said town of Easton. The deputy, after due notice to the plaintiff, and for want of sufficient goods upon which to levy said tax, took the body of the plaintiff, and committed him to prison. The plaintiff paid the tax and costs on the following day and was discharged from imprisonment. The amount of the tax, which was two dollars, was afterwards paid into the town treasury by the collector.

The plaintiff admitted, and it appeared in evidence, that all the proceedings of the assessors, collector and deputy, were regular, and in legal and proper form; but contended and offered evidence tending to show that he was not an inhabitant of the town of Easton on May 1, 1873, and that he was then an inhabitant of West Bridgewater, an adjoining town, to which he moved in May, 1872.

The defendant asked the judge to rule, that if the plaintiff was not an inhabitant of Easton on May 1, 1873, and for that reason was improperly assessed by the assessors of the town, and

arrested and imprisoned as before stated, yet this action could not be maintained against the town.

The judge declined so to rule, but submitted the case to the jury upon instructions not objected to.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*E. H. Bennett & H. J. Fuller*, for the defendant, were stopped by the court.

*J. Brown*, for the plaintiff.

GRAY, C. J.   This action cannot be maintained.   The assessors and collectors, though elected by the inhabitants of the town, are not the agents of the town, but are public officers whose duties are prescribed by law.   *Dunbar* v. *Boston*, 112 Mass. 75. If the tax was illegally assessed upon the plaintiff, his only remedy is by action of contract against the town to recover back the money paid.   *Baker* v. *Allen*, 21 Pick. 382.

The plaintiff relies upon the case of *Durant* v. *Eaton*, 98 Mass. 469, in which, upon facts like those of the present case, an action of tort was brought against the assessors and collector and the officer who served the warrant; and Chief Justice Chapman said, " The statute which protects assessors from responsibility except for the want of integrity and fidelity on their own part, (Gen. Sts. *c.* 11, § 51,) throws the exclusive responsibility upon the town, and makes it responsible to the plaintiff if he can establish his case."   But the question of the form of action against the town was not then before the court; and that the Chief Justice did not mean to say that the town would be liable to an action of tort is shown by the first words of his opinion, " The case of *Baker* v. *Allen*, 21 Pick. 382, is decisive of this case."   See also *Loud* v. *Charlestown*, 99 Mass. 208.

*Exceptions sustained.*