<hr />

CHARLES P. BROWN *et ux.* *vs* INHABITANTS OF VINALHAVEN.

Knox, 1875.—October 27, 1876.

*Principal and agent. Negligence.*

One suffering damage by reason of the neglect or unskillfulness of the selectmen of the town or the physician employed by them, in the performance of the duties imposed upon town officers by R. S., c. 14, in relation to the small pox, has no remedy against the town therefor.

*Thus:* on the breaking out of the small pox in Vinalhaven, D.C. was employed in the pest house by order of the selectmen, remained there three weeks, and was then allowed by them to depart infected in person and clothing, in consequence of which the plaintiff, an inmate of D. C.'s house, caught the infection, lost the sight of an eye, became much disfigured and suffered great damage. *Held*, that the town was not liable.

On report.

Case, setting out that the small pox broke out in Vinalhaven in the fall of 1872 ; that it became the duty of the town to provide a pest house and medical attendance, which they performed employing one Conway to act as nurse; that after Conway had been for three weeks exposed to the disorder he was allowed by the physician to leave the pest house and return to the dwelling of the plaintiffs' with whom he had before resided; that, relying upon the doctor's skill and the exercise of ordinary care by him and by the selectmen and believing, therefore, that said Conway was properly disinfected and cleansed, the plaintiffs associated with him ; but, in fact, he and his clothing were still infected with the contagion which was communicated to Mrs. Brown, who had the disease so badly as to lose the sight of one eye and to be greatly disfigured. If proof of these facts would sustain the action it was to stand for trial; otherwise, the plaintiffs were to be nonsuit.

*G. A. Perrigo & L. M. Staples,* for the plaintiffs.

The selectmen being the municipal officers were *ex officio* a health committee. R. S., c. 14, §§ 14, 15. As such they lawfully acted within the scope of their authority for the town, but negligently ; they did their duty in a negligent manner.

To the general rule that municipal corporations are not liable to a suit except when the right of action is given by statute, the following statute provision is relied upon in answer as an exception "When an act that may be lawfully done by an agent is done by one authorized to do it, his principal may be regarded as having done it." R. S., c. 1, § 4, cl. 21.

This clause is cited by the court in *Kidder* v. *Knox,* 48 Maine, 551, to the point that the selectmen had the right to contract for the town as their agents, and that the town would be liable on its contracts made by them.

Being liable for the acts of its agents in contract, it is submitted that they are also liable for the same reason for their tortious acts and negligence in this case under the maxim *respondeat superior.*

*D. N. Mortland & G. M. Hicks,* for the defendants.

If there has been a neglect of a public corporate duty for which

no remedy has been provided by statute for the party aggrieved, this suit cannot be maintained.   *Mitchell* v. *Rockland,* 52 Maine, 118.

BARROWS, J.   If the action cannot be maintained upon the facts alleged in the writ, the plaintiffs are to be nonsuited, otherwise the case to stand for trial.

The writ sets forth the breaking out of the small pox in the defendant town, refers to the statute provisions touching the powers and duties of towns and town officers relative to the establishment of hospitals, the regulations to be observed by physicians and nurses and others exposed to infection, and the care to be taken to prevent the spread of malignant and contagious diseases ; recites the employment of one Conway as a nurse by the selectmen of the town, his reception into a pest house by order of the selectmen, and a physician employed by them in behalf of the inhabitants of the town ; and alleges in substance that he was carelessly and negligently thereafterwards permitted by them to return, without being properly cleansed and disinfected, to the house which he formerly occupied, of which the female plaintiff was an inmate ; and so she contracted the disease to her great injury, suffering and loss, all which matters and things are circumstantially set forth.

The plaintiffs base their claim upon the mistaken idea that the selectmen, in the performance of the duties imposed upon them by the statutes in such cases, sustain to the town by whom they are elected, the relation of a servant to his master or an agent to his principal, and that the rule *respondeat superior* applies, if they conduct themselves carelessly or unskillfully.   It is not pretended that the statute gives a remedy against the town to any one injured by reason of the negligence, ignorance or inefficiency of the town officers or those employed by them in these matters.   By c.14, § 10, the town is required to pay a just compensation to parties interested when the proper officer upon due proceedings had, impresses or takes up any houses, stores, lodging or other necessaries, or impresses any man, under the provisions of the chapter.   But beyond this, as to any liability of the town for the doings, misdoings, or omissions of its officers in the performance of the duties imposed upon them by law, the statute is silent.

The liability of a town upon contracts made within the scope of their authority, about the affairs of the town by such of its officers as are also its agents is unquestionable. But its responsibility for the torts or neglects of its officers in the performance of duties imposed upon them by law has never been affirmed, unless created by express statute provisions. On the contrary, the distinction between "corporations created for their own benefit" and "quasi corporations created by the legislature for purposes of public policy," in respect to their liability for such wrongs and neglects, was long since declared in our parent commonwealth in the case of *Mower* v. *Leicester*, 9 Mass., 247, and we believe has never been overlooked by our own court. *Adams* v. *Wiscasset Bank*, 1 Maine, 361. The principle which must be decisive of this case was so fully discussed in *Mitchell* v. *Rockland*, 52 Maine, 118, that a reference to that case and the authorities there cited, seems to be all that is necessary. *Plaintiffs nonsuit.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and LIBBEY, JJ., concurred.