HENRY J. CONDICT, ADMINISTRATOR OF EDWARD Mc-
MAHON, v. MAYOR AND ALDERMEN OF JERSEY CITY.

A municipal corporation is not liable for an injury occasioned by the negligence of a driver employed by its board of public works to remove ashes and refuse from boxes and barrels placed on the sidewalks, to a public dumping-ground, though the driver was at the time driving a horse and cart owned by the city, and his negligence was in making a dump from the cart.

On writ of error to the Supreme Court.

This suit was brought to recover damages for the death of the plaintiff's intestate, caused by the negligence of one Roberts in the management of a horse and cart of which he was the driver. The horse and cart were owned by the city. Roberts was employed as driver, and was directed by a member of the board of public works of Jersey City. At the

time of this occurrence, Roberts was engaged in removing ashes from the boxes and barrels placed on the sidewalks of the city by the inhabitants, to the dumping-grounds. The death of the deceased was caused by the negligence of Roberts in making the dump from his cart.

At the close of the case the court directed a verdict for the defendants, on the ground that the action would not lie against the city.

For the plaintiff in error, *Charles W. Fuller* and *M. T. McMahon*, of New York.

*Contra, Allan L. McDermott* and *Leon Abbett.*

The opinion of the court was delivered by

DEPUE, J.   By the charter of Jersey City, the board of public works is made a department of the city government. Upon this board devolves the duty of cleaning and clearing the streets and public places. *Pamph. L.* 1871, §§ 5–39. The removal of ashes and garbage placed by the inhabitants in boxes and barrels upon the sidewalks, is part of the duties of this board in their supervision over and care for the cleanliness of the streets. A dumping-ground and horses, carts and drivers, to carry the ashes and garbage to the place of deposit, are necessary to enable the board to carry into execution its public duties in this respect; and the board is supplied with horses and carts and authorized to employ drivers at public expense for this purpose.

It is the settled law of this state that an action will not lie in behalf of an individual who has sustained a special damage from the neglect of a municipal corporation to perform a public duty, unless the right to sue for such an injury is given by statute. *Freeholders* v. *Strader*, 3 *Harr.* 108 ; *Livermore* v. *Freeholders*, 5 *Dutcher* 245 ; *Pray* v. *Jersey City*, 3 *Vroom* 394.

In the case last cited the plaintiff's horse was injured by coming in contact with the coping around a man-hole of a

sewer in a street, which has been allowed to project by the negligence of city officers in not raising the street to the requisite grade.; and the plaintiff's action was held not to be maintainable.

In the execution of the duties of a municipal government the services of inferior officers having only ministerial duties to perform, and of workmen and other employes, are required for the transaction of its business; and the principle on which the cases above cited were decided would be of little importance if the municipality was liable to actions for the negligence of such persons. It has been held that with respect to such officers and employes, the doctrine of *respondeat superior* does not apply. Thus, a city is not liable to an action for the negligence of its assessor and collector in assessing and levying taxes, (*Alger* v. *Easton*, 119 *Mass.* 77); nor for the wrongful acts of its police officers in the enforcement of ordinances, (*Buttrick* v. *City of Lowell*, 1 *Allen* 172; *Calwell* v. *City of Boone*, 51 *Iowa* 687); nor for the negligence of its officers and agents in executing sanitary regulations for preventing the spread of contagious disease, (*Ogg* v. *City of Lansing*, 35 *Iowa* 495; *Brown* v. *Inhabitants of Vinalhaven*, 65 *Me.* 402); nor for the negligence of the members of its fire department, (*Jewett* v. *City of New Haven*, 38·*Conn.* 368; *Smith* v. *City of Rochester*, 76 *N. Y.* 506–513; *Boone on Corp.*, § 301.) A person who has suffered an injury by reason of the neglect of the selectmen, or of the physician employed by them, in the performance of duties imposed upon town officers in relation to the small-pox, has no remedy against the town therefor. *Brown* v. *Vinalhaven, supra.* One who is injured in his person or property by the negligence or misconduct of members of a fire department when engaged in extinguishing a fire, cannot hold the city liable in damages, though the fire department was organized under provisions of the city charter, and its members were selected and paid by the city. *Hafford* v. *New Bedford*, 16 *Gray* 297; *Fisher* v. *City of Boston*, 104 *Mass.* 87; *Jewett* v. *City of New Haven, supra; Howard* v. *City of San Francisco*, 51 *Cal.* 52; *Hayes* v. *City of Oshkosh*,

33 *Wis.* 314. A town is not liable for an injury sustained by reason of the negligence of a laborer employed by one of its highway surveyors to aid him in performing the duties of his office. *Walcot* v. *Swampscott,* 1 *Allen* 101. Nor is a city liable for an injury caused by the negligence of a teamster employed in transporting stone to repair a highway by the superintendent of streets, who is charged with the duty of keeping the streets in repair. *Barney* v. *Lowell,* 98 *Mass.* 570. A city is not liable for the negligence of an employe of the commissioners of public charities in driving an ambulance-wagon belonging to the city, which struck and caused the death of the plaintiff's intestate. *Maximilian* v. *Mayor of New York,* 62 *N. Y.* 160.

The cases I have cited are not rested wholly on the ground that the persons through whose negligence the injury happened were officers of the municipal government established by the legislature, having an independent tenure of office and particular duties imposed upon them by the charter. In some of the instances the persons by whose negligence the injury was caused were laborers and third persons employed by departments of the municipal government having capacity to represent the city in making the employment, with the power to continue or remove their employes and to control them in the performance of their employments; and the employment was such that, as between private individuals, the doctrine of *respondeat superior* would apply. The true principle on which a municipal corporation is exempted from liability in such cases is that given by Dixon, C. J., in *Hayes* v. *City of Oshkosh, supra,* that the corporation is engaged in the performance of a public service in which it has no particular interest and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants and the community, and that persons employed in the performance of such duties, though employed by the corporation, act as public officers charged with a public service. To maintain in its integrity

the doctrine of our courts that a municipal corporation is not amenable to actions for negligence in the performance of public duties, it is necessary to maintain also that persons employed by the corporation in the execution of public duties are mere agencies or instruments by which such duties are performed, and that the doctrine of *respondeat superior* does not apply to such employments. To impose upon the corporation liability for the negligence of such employes would indirectly fix upon the corporation a liability from which it is by law, on considerations of public policy, exempted.

The judgment should be affirmed.

For *affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, MAGIE, REED, SCUDDER, VAN SYCKEL, CLEMENT, PATERSON, WHITAKER. 10.

For *reversal*—None.