Cheshire,  }
April 2, 1912. }

### CREIER  v.  FITZWILLIAM.

One who cares for a small-pox patient in quarantine cannot recover of the town therefor, unless he was employed by the officer in charge of the case, or the board of health has determined that such expense is a legitimate disbursement for the protection of the public.

A town is not liable for property destroyed by its health officers as a measure of public protection, in the absence of statutory liability.

ASSUMPSIT, for board, nursing, and bedding destroyed.  Trial by the court.  Transferred from the April term, 1911, of the superior court by *Mitchell*, J.

In December, 1907, one Hautaula, a boarder in the plaintiff's family, was taken sick with the small-pox.  A physician, who was

also a member of the board of health of the defendant town, was first called to treat him, and subsequently the patient was quarantined by the board in the plaintiff's house.  A nurse and medical treatment were provided.  The plaintiff's wife assisted in caring for the patient, but the board made no contract with her or her husband to employ her, or to pay for her services.  As the protection of the public required the destruction of the bedding used by Hautaula when he was taken sick, it was destroyed by the board. The court ruled that the plaintiff could not recover for the services of his wife or for the bedding destroyed, and he excepted.

*Conrad W. Crooker*, for the plaintiff.

*Orville E. Cain* (by brief and orally), for the defendants.

WALKER, J.  The plaintiff cannot recover of the town for the care furnished by his wife to the patient, because she was not employed by the health officer in charge of the case and the board of health has not decided that any part of this expense should be "deemed a legitimate expenditure for the protection of the public health."  Laws 1899, c. 100, ss. 1, 2; *Pettengill* v. *Amherst*, 72 N. H. 103.

When the officer destroyed the infected bedding he was not acting as the agent of the town, but as a public officer under legislative authority, for the benefit and protection of the public.  He was as much a public officer as highway surveyors, police officers, and firemen (*Brown* v. *Vinalhaven*, 65 Me. 402; *Barbour* v. *Ellsworth*, 67 Me. 294; *Ogg* v. *Lansing*, 35 Ia. 495), for whose act while in the discharge of a public or governmental duty, even if wrongful, the town is not responsible, in the absence of a statute making it responsible therefor.  *Edgerly* v. *Concord*, 62 N. H. 8; *Rhobidas* v. *Concord*, 70 N. H. 90; *O'Brien* v. *Derry*, 73 N. H. 198; *Gates* v. *Milan*, *ante*, 135.  As no statute has been found making towns liable for property destroyed by health officers, the plaintiff cannot recover for this item of his specification.

*Exception overruled.*

All concurred.