Riley, J.
The plaintiff in an action for money had and received, seeks to recover from the defendant the sum of $1780.13 with interest thereon, the said sum, as alleged by the plaintiff, being deposited with the defendant upon an understanding that the tax in that amount would be abated.
*288 The answer is a general denial and an allegation that the defendant granted abatements for the 1938 taxes as follows: November 17,1938, $235, March 30,1939, $140 and for the 1939 taxes an abatement of $790.53 and that the plaintiff had the advantage and benefit of such abatements.
It appears that the property involved in the controversy was mill property and in 1938 it was taxed to the Wick-wire, Spencer Steel Company and in 1939 to the plaintiff, who had apparently acquired title to the property.
The trial Judge found for the defendant and refused the following requests for rulings, duly filed by the plaintiff:
“1. The Board of Assessors, consisting of three members, must make such official decisions as are involved while they or a majority of them are in session as a board at a duly constituted meeting. They cannot act separately as individuals. (Carbone Inc. vs. Kelley, 289 Mass. 602.) 2. Money paid through misapprehension of facts belongs, in equity and good conscience to the person who paid it. In such cases the proper remedy is an action for money had and received. 3. Where certain facts assumed by both parties are the basis of a contract and it subsequently appears that such facts did not exist, there is no agreement. 4. So also where parties contract under a mutual belief that a right exists which in fact does not exist, there is no agreement. 5. A contract void for want of capacity in one or both of the contracting parties to it is no contract. It is as if no attempt at an agreement had ever been made. 6. If it be a fact that a valid agreement was entered into on May 1,1940, then on the uncontradicted evidence the plaintiff is entitled to a directed verdict in his favor. ’ ’
He made the following findings of fact and rulings:
“I find that for the year 1938 the Wickwire-Spencer Steel Co. was assessed a tax in the defendant town in the sum of $2050.00; that of this tax the sum of $375.00 was abated, $235.00 on Nov. 17, 1938 and $140.00 on *289 March 30, 1939, leaving a balance of $1675.00 which balance was due on this tax on May 1, 1940, no part of it ever having been paid or abated; that on this balance there was interest due to said May 1 in the sum of $104.78 and 35 cents for a demand, making a total then due of $1780.13.
“I find that in 1939 the plaintiff as trustee was assessed a tax in the defendant town in the sum of $940.00, that $20.00' of this was paid Nov. 30,1940; that $790.53 was abated on Aug. 30, 1941; that the balance of this tax, $129.47, was paid on Dec. 8,1941, and thus the 1939 taxes were cleaned up.
“I find that the defendant town had a board of three assessors and that on May 1, 1940 two of the members of the board signed and delivered to the plaintiff a certain written document, a copy of which is as follows :
‘ Spencer, Mass., May 1, 1940
‘In the matter of the Tax Abatement authorized by the Tax Commissioner in his letter dated November 13, 1939 on Wire Village Mills and four houses in the amount of $1780.13, which amount you have this day deposited with the Collector of Taxes of the Town of Spencer, on the understanding that the tax in the amount of about $1040.00 for 1938 and about $709.00 for 1939 taxes will be abated, and the said amounts refunded as soon as said Wire Mills starts operations and produces wire for commercial purposes, it being understood that such operations will commence not later than December 31, 1942.
P. A. Beaudin, Clerk
Walter A. Mullarky. ’
“I find that the Board of Assessors of the defendant town never as a Board acted on or authorized giving said document; but I rule that even if they had it would have no legal effect whatever as they had no power, or authority to give it.
“I find that on May 1, 1940 the plaintiff paid to defendant’s Collector of Taxes the sum of $1780.13, the amount then due on the 1938 taxes assessed to the Wick-wire-Spencer Steel Co. in said town and that said Collector of Taxes credited that amount to the payment
*290 of the said taxes and paid over the same to the defendant town. There was no evidence that the Collector of Taxes had any knowledge of said document.
“I find that the plaintiff never paid to the defendant on the 1938 taxes any more than was due it.
“I find the plaintiff never paid to the defendant on the 1939 taxes any more than was due it and that the plaintiff had the full benefit of any abatement made on these taxes.
“I find that no money was paid in this case through any misapprehension of facts, or that the parties assumed certain facts to exist which did not exist, or that there was any mutual belief that a right existed that did not exist.
“If I had looked upon the document hereinbefore set forth as having any legality and binding upon the defendant I should find that there had been a failure of the Wire Mills to produce ‘wire for commercial purposes,’ and that therefore the plaintiff could not recover.
“On the rulings requested by the parties I rule as follows:
“As to the plaintiff’s first request I deny it because I rule as a matter of law that the assessors had no power and authority to give to the plaintiff the document they gave him even if they had duly and properly considered and acted upon it, and that it gave no rights whatever to the plaintiff against the defendant. That the assessors are public officers whose power, authority and jurisdiction is fixed by law and this the plaintiff was bound to know and that in dealing with them, he acquired no rights against the defendant unless they were within their power, authority and jurisdiction.
“I refuse .the remainder of the plaintiff ’s requests because they assume the finding of certain facts that I do not find; they are hybrids. ’ ’
The only question raised by the report is whether or not the plaintiff was aggrieved by the action of the Court upon his requests for rulings. He contends that the Assessors *291 had no authority to give the plaintiff the document set out above and that because of that fact the consideration for the transaction has totally failed.
He bases his right to recover, as we understand it, on the ground that there was an attempted contract which was wholly void, and that because of this fact the Town in good conscience owes him the money deposited under the void agreement. He, therefore, could not have been harmed by the denial of his first request for rulings as the Judge went even further than the request and ruled that the Assessors had no authority to give the plaintiff the document in question and that it gave the plaintiff no rights whatever against the defendant. (See Norton v. Boston Elevated Railway Company, Mass. Adv. S. [1944] 1425 at 1427.)
This ruling of the Judge also disposes of the plaintiff’s sixth request for rulings. As to the second, third and fourth requests, the Judge specifically found that certain facts assumed in them did not exist. There was no error in his denial of the fifth request for ruling, which was a mere academic statement of law and of no consequence in view of the ruling of the Judge that the plaintiff took no rights under the attempted agreement.
The plaintiff argues that he is entitled to recover in this case on the authority of Dill v. Wareham, 7 Metcalf 438. In that case the plaintiff was allowed to recover a certain sum of money he had deposited with the defendant town on account of a certain contract with the town, which was afterwards declared void.
It appears from the statement of facts on Page 440 of the Opinion in this case, however, that the amount that the plaintiff was allowed to recover was a sum deposited by him as security for the payment of sums that might become due under the contract and not a direct payment under the general terms of the contract.
*292 In the case at bar the plaintiff paid to the Tax Collector of the Town, who knew nothing of the agreement with two of the Assessors, a snm which extinguished the tax liens for a certain year upon the property owned by him. Assessors and Tax Collectors are public officers and are not agents of the town having authority to bind the town by any agreement they may attempt to make. (Alger v. Easton, 119 Mass. 77 at 78.)
It was stated in Brown v. Nahant, 213 Mass. 271 at 275, (an action to recover money paid for an alleged void license) “But it is a general principle in this Commonwealth that no action will lie against any city or town for the act of a public officer, though enuring to its advantage unless the right of action has been given by Statute.” See also Warburton v. Quincy, 309 Mass. 111 at 117.
It is further to be noted that the Judge found as a fact that there had been a failure of the Wire Mills to produce wire for commercial purposes and in consequence the plaintiff would not have been entitled to any abatement of taxes provided for in the attempted agreement, even if it had been valid. Consequently under all the circumstances the plaintiff had no equitable grounds for recovery in this action.
We find no error in the manner in which the trial judge dealt with the plaintiff’s requests for rulings and the report is ordered dismissed.