CHARLES A. LOUD & others *vs.* CITY OF CHARLESTOWN.

In this Commonwealth, the remedy at law of a person upon whom a tax is illegally assessed by a town or city is plain, adequate, complete and exclusive, in event of the collection of the tax; and this court has not jurisdiction in equity to restrain such collection.

BILL IN EQUITY by copartners, alleging that they were residents of Boston and had no taxable property in Charlestown, and seeking to restrain by injunction the collection of a tax illegally assessed on them by the defendants, who demurred to the jurisdiction. The case was reserved by *Wells*, J., on the bill and the demurrer, for the determination of the full court.

*R. F. Fuller*, for the plaintiffs, first called upon, cited *Shaw* v. *Becket*, 7 Cush. 442 ; *Toledo & Wabash Railroad Co.* v. *Lafayette*, 22 Ind. 262 ; *Calkin* v. *Cocke*, 14 How. 227 : *Bailey* v. *Constables of Chorlton-upon-Medlock*, 3 Beav. 499, 503 ; *Supervisors of Albany County* v. *Durant*, 9 Paige, 182 ; *Dehon* v. *Foster*, 4 Allen, 545, 550 ; *Miller* v. *Gorman*, 38 Penn. State, 309 ; *Morris Canal & Banking Co.* v. *Jersey City*, 1 Beasley, 227 ; *Burnet* v. *Cincinnati*, 3 Ohio, 73, 88 ; *Betts* v. *Williamsburgh*, 15 Barb. 262.

*N. St. J. Green*, (*H. W. Bragg* with him,) for the defendants.

CHAPMAN, C. J. It has long been held in this Commonwealth that an action at law could be maintained against a city or town to recover back the amount collected by it upon an illegal assessment. See *Boston & Sandwich Glass Co.* v. *Boston*, 4 Met. 189. But our statutes have limited and regulated the remedy. Gen. Sts. *c.* 11, § 54 ; *c.* 12, § 56. And assessors are relieved from legal responsibility except for the want of integrity and fidelity on their own part. Gen. Sts. *c.* 11, § 51. *Durant* v. *Eaton*, 98 Mass. 469. The legislature has evidently regarded this remedy as adequate and complete, having regard to the necessity of a prompt and unembarrassed assessment and collection of taxes for the maintenance of the government.

This court has full equity jurisdiction, according to the usage and practice of courts of equity, in certain enumerated cases,

and in all other cases where there is not a plain, adequate and complete remedy at law. The usage and practice referred to is not, however, that of other states where it has been enlarged by statutes, but that which courts of equity are accustomed to exercise, without the aid of such statutes, as coming within the general scope of the principles of equity.

Several cases are cited on behalf of the plaintiffs, in which the courts of some of the states have interfered by injunction to restrain the assessment and collection of illegal taxes. But in *Greene* v. *Mumford*, 5 R. I. 472, the subject was thoroughly discussed, and the court refused to interfere, on the ground that, if the tax was illegal, the party had a remedy at law which was sufficiently adequate and far more consonant with the scope and provisions of the tax act. The English courts of equity, to which our ancestors were subject, and from which our usage and practice is mainly derived, do not appear to have exercised jurisdiction in such cases. By Gen. Sts. *c.* 12, § 42, this court has jurisdiction in equity in certain cases in respect to the redemption of real estate sold for payment of taxes. If the legislature had intended to give parties further remedies in equity in respect to taxation, they would have been likely to make express provisions on the subject, with proper limitations.

*Demurrer sustained.*