JAMES F. HUNNEWELL *vs.* CITY OF CHARLESTOWN & another.

This court has no jurisdiction in equity to restrain a city from selling land to pay a betterment illegally assessed thereon; for the landowner has an adequate remedy at law.

BILL IN EQUITY against the city of Charlestown and its treasurer, to restrain a sale of the plaintiff's land in Charlestown for nonpayment of an assessment, laid thereon by the city council for the expenses of laying out and constructing Park Street in that city.

The bill alleged that the order to lay out Park Street was passed by the city council September 7, 1868; that the assessment was laid January 2, 1869; that the plaintiff's land did not abut on Park Street; and that the plaintiff refused to pay the assessment, and the city was threatening to sell his land. The defendants demurred, on the ground that the plaintiff had a plain and adequate remedy at law; and the case was heard by *Colt*, J., on the bill and demurrer, and reserved for the determination of the full court.

*H. W. Bragg*, for the defendants.

*G. W. Baldwin*, for the plaintiff. The assessment is illegal. [The argument on this point is omitted.] Equity will not, as a general rule, enjoin the collection of a tax assessed upon an individual, when the claim is that the tax is invalid as to him. But here the claim asserts the invalidity of the whole assessment; if illegal as to the plaintiff's estate, it is illegal as to all the other estates joined in the assessment. An injunction will issue, when its tendency is to quiet litigation, and not to create it. Nor is this assessment a tax within the ordinary acceptation of the term. *Day* v. *Aldermen of Springfield*, 102 Mass. 310, shows that equitable relief will be granted against the illegal assessment of betterments. There a prohibition was issued; but here the assessment has been already made, and the proper remedy is by injunction.

WELLS, J. This is a bill in equity to prevent the sale of the plaintiff's land to pay an assessment, laid thereon by the city council of Charlestown, for the expenses of laying out and constructing Park Street in said city. The land in question does not abut upon said new street. The plaintiff contends that the assessment is illegal and void; for the reason that, when the proceedings were taken, the law, applicable to that city did not authorize an assessment, for such purposes, upon any land except such as abutted upon the street in which the improvement was made.

If the plaintiff's position is correct, the assessment was illegal and void, no lien exists upon the land; and an attempt to sell it would be ineffectual to pass any title. If the plaintiff should pay

the assessment to save his land from a sale under the form of legal process, he would be entitled to recover it back as money wrongfully received by the defendants. He thus has a complete and adequate remedy at law. It was so held in regard to a general tax, illegally assessed, in the case of *Loud* v. *Charlestown,* 99 Mass. 208. We do not see that an assessment of this nature stands upon any different ground. The question does not depend upon the amount of the assessment; nor the mode in which it is made, or to be collected. It is not affected by the fact that there are others, whether few or many, who are subjected to a like assessment by the same proceedings of the city council, and who propose to contest their liability. It is no foundation for a resort to equity, that the plaintiff is put to the inconvenience of raising the money to pay the assessment, in order to have his legal remedy by recovering it back; or else to the risk of losing his property by a sale, if the assessment should be upheld. In the case of general taxes he has not even that election.

We are satisfied that the point is well taken in defence, that, for the grievance alleged, the plaintiff has an adequate remedy at law; and the bill must therefore be                        *Dismissed.*