JOHN NORTON & others *vs.* CITY OF BOSTON & another.

Suffolk.    November 18. — 29, 1875.    COLT, J., absent.

Where a town is annexed to a city by a statute which entitles the city to receive all
uncollected taxes, and makes it liable for all the debts and obliagtions of the town,
this court has no jurisdiction in equity to restrain the city from selling land to pay
a betterment tax illegally assessed thereon; the landowner having a plain, ade-
quate and complete remedy at law.

BILL IN EQUITY, filed March 6, 1875, against the city of
Boston and Michael Norton, to restrain a sale of certain land of
the plaintiffs in Brighton, for nonpayment of a betterment tax
assessed thereon for the widening of Market Street in Brighton
before the annexation of that town to the city of Boston.

. The bill alleged that Market Street was not a town way or
private way but a county way, which the town of Brighton had
no legal power or right to widen, and for the expenses of widen-
ing which the town could not assess betterments; and that the
defendant Norton, describing himself as " treasurer and collector
of the late town of Brighton," had advertised the land for sale
in payment of the tax.

The defendants demurred to the bill on the ground that the
plaintiffs had a plain, adequate and complete remedy at law.
*Devens*, J., sustained the demurrer; and the plaintiffs appealed.

*G. H. Kingsbury*, for the plaintiffs.

*J. P. Healy & H. W. Putnam*, for the defendants.

ENDICOTT, J.    The plaintiffs seek to restrain the defendants
from selling their land for a betterment tax, assessed for the
widening of Market Street in Brighton before the annexation of
that town to Boston.    By the act of annexation, St. 1873, c. 303,
§ 2, Boston is entitled to receive all uncollected taxes, and is sub-
ject to and liable for all the debts and obligations of the town of
Brighton.    The plaintiffs contend that Brighton had no author
ity to assess the tax upon their land, because Market Street was a
highway, and that Boston has the right to collect only legal taxes
under the act.

Assuming that the tax was illegal as alleged in the bill, there
is no lien on the land, and the sale would pass no title; and if
the plaintiffs should pay the betterment, their remedy at law

would be complete. It has been repeatedly held that there is no cause to resort to a court of equity, because the plaintiff is put to the inconvenience of paying a tax under protest, and then bringing an action to recover it because illegal. The prompt and immediate payment of taxes for the support of the government is of the first importance, and the right to recover them back, if illegally assessed, is an adequate remedy. It was directly held in *Hunnewell* v. *Charlestown*, 106 Mass. 350, that this court had no jurisdiction in equity to restrain the defendant from selling land which it had illegally assessed for a betterment, but the plaintiff must seek his remedy at law. See also *Brewer* v. *Springfield*, 97 Mass. 152; *Loud* v. *Charlestown*, 99 Mass. 208; *Whiting* v. *Mayor & Aldermen of Boston*, 106 Mass. 89, 93.

No distinction can be made in this case because the authorities of Boston did not lay the tax which the defendants are attempting to collect. Boston succeeds by the act of annexation to the rights and obligations of Brighton, and the plaintiffs have the same remedy against Boston which they would have had against Brighton, if that town had not been annexed and had endeavored to enforce this tax. *Stone* v. *Charlestown*, 114 Mass. 214, 224.

*Demurrer sustained, and bill dismissed.*