HENRY W. CLARK & another, trustees, *vs.* CITY OF
WORCESTER.

Worcester.    September 30, 1896. — October 23, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Betterment Assessment — Equity.*

A bill in equity cannot be maintained against a city to recover the amount of a
betterment assessment paid under protest, and also a sum paid by the plaintiff
to the purchaser at a sale of the premises for nonpayment of the assessment in
consideration of his not taking a deed of the property from the city, but the
remedy, if there is any, is at law.

A city will not be enjoined from collecting the remaining two third parts of a
betterment assessment, which has been apportioned into three equal parts upon
application of the person assessed, who has paid one part under protest, if
the bill does not aver that the city threatens or is proceeding to collect the
same.

The result of a petition for a jury to revise a betterment assessment, which has
been previously apportioned into three equal parts upon application of the per-
son assessed, who has paid one part under protest, is not to vacate the original
assessment, but to reduce the amount of it, and this court cannot declare such
assessment altogether void, upon a bill in equity by him against the city mak-
ing the assessment.

BILL IN EQUITY, filed in the Superior Court on March 18,
1896, alleging the following facts.

The plaintiffs, on December 21, 1891, were the owners in fee,
in trust for Charlotte R. Chamberlin, of a large tract of land
in the city of Worcester, and have ever since been the owners
thereof.

On that day, the board of mayor and aldermen adopted a
decree laying out and locating Maywood Street through the land

of the plaintiffs, which decree was duly approved by the mayor on December 22, 1891, and in which it was expressly declared that the street was laid out under the provisions of law authorizing the assessment of betterments.

On December 19, 1893, the board of mayor and aldermen, pursuant to the decree, passed an order assessing certain betterments upon the several estates abutting upon Maywood Street, including assessments upon those estates to the plaintiffs as trustees, in the total sum of $980.85.

On January 27, 1894, the plaintiffs made application in writing to the board for an apportionment of the assessments into three equal parts, as provided by law.

In compliance with the application, the assessment was apportioned on April 2, 1894, the first one third part thereof to be payable on October 10, 1894, with interest from April 2, 1894.

On November 30, 1894, the plaintiffs filed in the Superior Court a petition against the city for a jury to revise the betterment assessments, and, on January 13, 1896, a trial was had upon the petition, and a verdict was returned finding that the estate of the petitioners was benefited by the laying out, locating, and construction of Maywood Street in the sum of $1,903.96, and assessing damages against them in the sum of $951.98, upon which judgment was entered on February 3, 1896.

The judgment being a reduction of the assessment as originally made, an execution for costs in favor of the plaintiffs was issued on February 4, 1896, in the sum of $62.79, which sum has been fully paid by the city.

On September 17, 1894, the plaintiffs petitioned the board of mayor and aldermen for an abatement of the assessment, upon which petition a hearing was had, and, on December 31, 1894, the plaintiffs were given leave to withdraw.

On and after October 10, 1894, the plaintiffs failed, and refused to pay to the city the one third part of the assessments so apportioned, whereupon the city, by its tax collector, W. S. Barton, proceeded to enforce payment of the same, and advertised for sale in a newspaper published in Worcester the real estate upon which the assessments had been made on August 17, 1895.

On that day the real estate was bid off at public auction, pursuant to the advertisement, for the sum of $364.38, by one W.

H. Warren, who thereafter, on or about August 29, 1895, waived in writing his right to a deed of the same, and has not taken any deed of the real estate from the city, in consideration of a payment to him by the plaintiffs of the sum of $50, which sum they were obliged to pay as such consideration. On August 30, 1895, the plaintiffs paid to the city of Worcester, through Barton, its tax collector and treasurer, under protest in writing, the sum of $364.38, the same being one third of the three assessments, interest on that sum, and the costs charged.

On February 27, 1896, the plaintiffs made a written demand on Barton for repayment of the same, and afterwards, on the same day, they filed with the city clerk of Worcester an application for an apportionment of the assessment.

The other two third parts of the original assessments into which the assessments were apportioned on April 2, 1894, have not been paid by the plaintiffs, nor abated, modified, or discharged in any way by the city, but are, unless affected by operation of law by the facts herein set forth, in full force and effect against the plaintiffs, and are bearing interest from April 2, 1894, and one of them was payable on October 10, 1895, and the other will be payable on October 10, 1896.

The plaintiffs, or their agent and attorney in Worcester in the management of the real estate, had no actual knowledge of the advertisements of the estate for sale, or of the bidding off of the same, until after it had been bid off, and then they were informed of it by Warren.

The prayer of the bill was that it might be decreed that the defendant repay to the plaintiffs the sum of $364.38, with interest thereon from August 30, 1895; that the defendant pay to the plaintiffs the sum of $50 paid by them to Warren, with interest thereon from August 29, 1895; that the other two parts of the original assessments into which they were apportioned be abated, discharged, or decreed to be of no force and effect against the estate of the plaintiffs; and that the defendant be enjoined from any attempt to enforce or collect the same; and for further relief.

The defendant demurred to the bill, for want of equity. At the hearing the demurrer was sustained, and the bill dismissed; and the plaintiffs appealed to this court.

*M. M. Taylor*, for the plaintiffs.

*W. S. B. Hopkins*, (*F. B. Smith* with him,) for the defendant.

FIELD, C. J.    So far as the plaintiffs' bill is brought to recover of the defendant certain sums of money, the remedy, if there is any, is at law.    So far as the bill prays for an injunction against the defendant, restraining it from enforcing or collecting the last two third parts of the original assessment, there are no averments in the bill that the defendant threatens to collect or is proceeding to collect these.    The original assessment cannot be declared altogether void in this suit.    The result of the plaintiffs' petition for a jury to revise the assessment was not to vacate the original assessment, but to reduce the amount of it.    The plaintiffs' bill was rightly dismissed on demurrer, as stating no case of equitable cognizance.                                        *Bill dismissed.*