LILLIE L. GREENHOOD *vs.* EDMUND A. MACDONALD.

Suffolk.    December 5, 1902. — May 22, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Equity Jurisdiction.    Tax.*

In this Commonwealth a bill in equity will not lie to restrain the collection of a tax, and this applies to a bill seeking to have an assessment for the cost of the construction of a highway in the city of Boston under St. 1891, c. 323, declared invalid. . Section 21 of that act does not give jurisdiction in equity in such a case.

BILL IN EQUITY, filed September 11, 1902, to restrain the collector of the city of Boston from collecting several annual instalments, for past and future years, of an assessment for the cost of the construction of Abbotsford Street in that city under the provisions of St. 1891, c. 323, and acts in amendment thereof and addition thereto.

The defendant demurred. The Superior Court made a decree sustaining the demurrer and dismissing the bill. The plaintiff appealed.

The case was argued at the bar in December, 1902, before *Knowlton, Morton, Lathrop, Barker, & Hammond,* JJ., and afterwards was submitted on briefs to all the justices.

*E. Greenhood,* for the plaintiff.

*S. M. Child,* for the defendant.

HAMMOND, J. The bill seeks to have an assessment declared invalid,

First. Because the statute under which it is laid is unconstitutional so far as it "served as the basis" for the making of the assessment.

Second. Because not all the parcels of land required by the act to be included in the assessment were so included.

Third. Because the laws relating to the manner in which the work of construction should have been done were violated.

And it prays that the defendant be enjoined from collecting said assessment either by demand upon the plaintiff or by sale of the land.

The prompt and unembarrassed collection of taxes is so necessary for the support and operation of the government, and in our State the remedy at law for any wrong done in their assessment or collection is so plain, adequate and complete, that this court, notwithstanding St. 1877, c. 178, feels bound to adhere to its general rule, so long established, relating to bills in equity brought to restrain the collection of an ordinary tax or assessment, and to refuse to grant relief, leaving the party aggrieved to his remedy at law.

The only question, therefore, is whether there is anything, either in the statute under which the assessment was made, or otherwise, in the case which should take it out of the general rule.

1. It is suggested by the plaintiff that this proceeding is authorized by the twenty-first section of the statute, (St. 1891, c. 323,) under which the assessment was made, which reads as follows: "Any court having jurisdiction in equity shall also have such jurisdiction to enforce and restrain the violation of the provisions of this act." But we think that the purpose of this section was simply to provide that equitable process may be used to enforce the provisions of the act, (such, for instance, as are contained in the eighth section,) for the enforcement of

which such process may be appropriate and needful; and that the section cannot relate to such things as are ordinarily settled by proceedings by way of the writ of certiorari. When, as in this case, it is contended that in making the assessment certain provisions of the act are violated, which claim would raise questions which, by the practice of this court as heretofore established, could be settled only on proceedings for certiorari, it cannot be supposed that, instead of having the record quashed or modified by such proceedings, it was intended to allow the record to stand unchanged, and to allow it to be attacked collaterally in a bill in equity. Such an interpretation of the statute would be at variance with well established principles relating to remedies.

And it seems equally clear that the section even by its express terms is inapplicable to a bill brought to set aside the tax upon the ground that the statute is unconstitutional. It surely cannot be said that a bill brought to set aside upon that ground a tax assessed in strict accordance with the statute is a bill " to enforce and restrain the violation " of it.

2. The only ground, therefore, upon which this bill can stand is to prevent multiplicity of suits. Here, as frequently happens, two rules seem to clash. On the one hand the rule that the prompt and unembarrassed collection of taxes is so necessary for the support and operation of the government that equity ought not to interfere, and on the other hand the rule that parties ought not to be unnecessarily subjected to a multiplicity of suits to settle a question which can be settled in one. Which rule shall prevail as to assessments levied under this act?

The act provides for one assessment which may be all paid at once. There is no need of a multiplicity of suits except at the will and option of the taxpayer. When the assessment is laid, he may take either one of two courses. He may either pay the whole and sue to recover back, or he may not pay, in which case the assessment is divided into ten parts payable annually. Shall we apply the doctrine of multiplicity of suits to a case where the very question whether there shall be multiplicity depends upon the will of him who asks the aid, especially in a case where the collection of a tax may be embarrassed?

In view of the importance of the prompt and unembarrassed

collection of taxes, we think that in a case like this the doctrine of multiplicity of suits should yield, and that of the prompt collection of the tax should prevail.

*Decree sustaining the demurrer and dismissing the bill with costs affirmed.*