IDA M. WARR *vs.* COLLECTOR OF TAXES OF TAUNTON.

Bristol.   October 27, 1919. — January 5, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Tax*, Collector. *Corporation*, Reaching shares for collection of debt. *Statute*, Repeal. *Equity Jurisdiction*, To enjoin illegal collection of tax.

The provision of St. 1909, c. 490, Part II, §§ 21, 24, conferring upon a collector of taxes special power to levy, for the collection of a tax, upon shares of stock in a corporation by a sale of its shares after leaving with designated corporate officers an attested copy of the tax warrant and a certificate of seizure, was repealed by implication by the provisions of St. 1910, c. 171, which in § 13 provides that no attachment nor levy upon shares for which a certificate is outstanding shall be valid until the certificate actually is seized or is surrendered or its transfer by the holder is enjoined.

When the Legislature has dealt in a comprehensive way with an entire subject, the general principle is that previous conflicting provisions of law are not continued in force.

A collector of taxes is given power by St. 1909, c. 490, Part II, § 33, and R. L. c. 159, § 3, cl. 7, as extended and amended by St. 1910, c. 531, § 2, to proceed in an orderly way to secure a lien upon and a sale of shares of stock in a corporation for the collection of a tax without violating any of the provisions of St. 1910, c. 171.

A bill in equity to restrain a collector of taxes from proceeding illegally to collect a tax by sale of shares of corporate stock under St. 1909, c. 490, Part II, §§ 21, 24, after those provisions were repealed in effect by St. 1910, c. 171, will be dismissed upon a demurrer on the ground that the plaintiff has an adequate remedy at law, where there are no allegations in the bill which show that the acts of the defendant sought to be restrained would result in injury to the plaintiff for which he would not receive adequate remedy in an action at law.

In the suit above described, it *was said,* that it was not necessary to go so far as to state that no case possibly could arise where equities would exist of such a nature as to warrant injunctive relief against a collector of taxes acting in excess of his powers.

BILL IN EQUITY, filed in the Superior Court on May 10, 1919, and afterwards amended, by one alleging herself to be the owner of certain shares of stock in a corporation against the collector of taxes of the city of Taunton to restrain the defendant from proceeding with a sale of the plaintiff's shares without seizure or surrender of the certificate and without the transfer of the certificate being enjoined.

In the Superior Court the defendant demurred for want of equity and because the plaintiff had an adequate remedy at law. The demurrer was heard by *Cox*, J., and was sustained. A final decree was entered dismissing the bill. The plaintiff appealed.

St. 1909, c. 490, Part II, § 33, is as follows: "If a tax remains unpaid for three months after it has been committed to the collector, he may maintain an action in his own name against the person assessed therefor in the same manner as for his own debt."

*S. P. Hall*, (*W. A. Bellamy* with him,) for the plaintiff.

*J. B. Tracy*, (*J. E. Welch* with him,) for the defendant.

RUGG, C. J. This is a suit in equity to restrain the tax collector from levying upon shares of stock, owned by the plaintiff individually and not as administratrix, in a corporation, to satisfy a tax assessed upon her as administratrix of the estate of Louis Busiere in the city of Taunton. It is alleged in the bill that the defendant is threatening and attempting to levy upon and sell at public auction such shares of stock by virtue of his tax warrant and without seizure or surrender of the certificate and without its transfer having been enjoined. These allegations of fact must be accepted as true because the case is presented on demurrer.

The levy upon shares of stock in corporations by a tax collector for the satisfaction of unpaid taxes, to be accomplished by leaving with designated corporate officers an attested copy of the tax warrant and a certificate of seizure followed by a sale of such stock, was authorized by the general tax act, St. 1909, c. 490, Part II, §§ 21 and 24. Such sale was to be made subject to the provisions of R. L. c. 177, §§ 49 and 50, which provided amongst other matters for the issue of a new certificate to the purchaser.

All this was changed, however, by the General Court in 1910. "The Uniform Stock Transfer Act," c. 171 of the acts of that year, covers the whole field of the transfer of certificates of stock in corporations. By § 1 it is provided that title to such shares

shall be transferred only by delivery of the certificate either (1) with indorsement thereon of the person named on the face as owner, or (2) with a separate document of assignment by such person. It further is provided by § 13 that "No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined." By § 19 the purpose of the act is declared to be uniformity of the law in the several States which enact it. By St. 1910, c. 531, provision is made that shares of stock in corporations shall be attached only in equity. By § 1 of said c. 531 there is repeal of §§ 49 and 50 of R. L. c. 177, subject to which the tax collector was required to proceed in making the levy authorized by § 24, Part II of the general tax act. By § 2 the provisions of R. L. c. 159, § 3, cl. 7, are extended so as to permit suits to reach and apply shares of stock in corporations, whether the plaintiff is a creditor or not and whether the suit is founded on a debt or not. That remedy is open to the tax collector. *Boston* v. *Turner,* 201 Mass. 190. *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118.

These statutes of 1910 have the effect of repealing the special power conferred upon the tax collector by Part II, §§ 21 and 24 of the general tax act to levy upon the shares of stock in a corporation in satisfaction of the amount due from a delinquent taxpayer. This conclusion is required by the sweeping language and manifest purpose of said c. 171. Its design as expressed in its title and elsewhere in its provisions is to establish uniformity as to the transfer of shares of stock in corporations. That end could not be accomplished if specific exceptions to its general rules were permitted to survive. Doubtless a further purpose was to prevent the loss and confusion that well might result from two certificates being outstanding at the same time representing the same stock. See *Parkhurst* v. *Almy,* 222 Mass. 27. Those ends are of importance in a multitude of commercial transactions. The Legislature by these two statutes of 1910 in substance has declared that in general there shall be safety in dealing with certificates of stock on the footing that they show their true title by their face, by their indorsement, or by their written assignment.

The purpose of the act was to enable those dealing with certificates of stock to rely as to title upon the facts disclosed within the four corners of the document itself or its accompanying assignment. See in this connection, *Baker* v. *Davie,* 211 Mass. 429. The security of a large bulk of credit and banking business may be thought to rest upon reliance on the provisions of the uniform stock transfer act. Under these circumstances urgent reasons would be required to lead to the adoption of a construction of the act which would preserve exceptions to that general rule and to the consequent unsettling of titles based upon compliance with its provisions. Every practical consideration favors adoption of the view that the provisions of §§ 21 and 24, Part II of the general tax act, permitting levy by a tax collector under his own warrant upon shares of stock in corporations, are no longer operative. Sound statutory construction leads to the same view. When the Legislature has dealt in a comprehensive way with an entire subject, the general principle is that previous conflicting provisions of the law are not continued in force. *Doyle* v. *Kirby,* 184 Mass. 409. *Attorney General* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 194. *Crocker* v. *Justices of the Superior Court,* 208 Mass. 162, 178.

The express repeal by said c. 531, § 1 of those sections of R. L. c. 177, subject to which the tax collector was required to proceed in making his levy upon such certificates, is strong confirmation of the view that his power to make such levy was itself repealed by § 24 of St. 1910, c. 171. This conclusion is strengthened by St. 1919, c. 349, § 2, enacted since this suit was instituted, whereby § 24, Part II of the general tax act has been expressly repealed without reservation as to existing proceedings.

The tax collector is clothed with ample authority by St. 1909, c. 490, Part II, § 33, to proceed in orderly fashion to secure a lien and a sale of shares of stock in payment of his tax, without doing violence to any provisions of the law requiring uniformity in transfers of shares of stock. *Rioux* v. *Cronin,* 222 Mass. 131.

It does not follow, however, that the plaintiff is entitled to relief in this proceeding. It is a general principle that a suit in equity will not lie to restrain a tax collector from proceeding to collect his tax. Ordinarily the remedy by abatement and by action to recover an unlawful tax afford ample protection to the tax-

payer and are the exclusive remedies. The court will not inquire into the validity of the tax by such a proceeding in equity. *Brewer* v. *Springfield*, 97 Mass. 152. *Loud* v. *Charlestown*, 99 Mass. 208. *Norton* v. *Boston*, 119 Mass. 194. *Clark* v. *Worcester*, 167 Mass. 81. *Kelley* v. *Barton*, 174 Mass. 396. *Welch* v. *Boston*, 208 Mass. 326. *Sears* v. *Nahant*, 208 Mass. 208; *S. C.* 221 Mass. 435. *Dalton Adding Machine Co.* v. *Virginia*, 236 U. S. 699. That, however, is not the complaint here presented. The grievance alleged in the case at bar is that the tax collector is going wholly beyond the limits of his jurisdiction and is attempting to sell property which the law gives him no right to touch in the way and manner undertaken. He is travelling entirely outside the path prescribed by the statute. Manifestly he is not by virtue of his office clothed with power to take the law into his own hands and to fail to observe the requirements of the statute essential to any legal levy. In essence he ceases to be tax collector because acting in excess of and therefore without jurisdiction. *Harrington* v. *Glidden*, 179 Mass. 486, 492. It is plain that his attempted levy and sale of the stock here in question, if carried through, would be a nullity and could confer no title upon a purchaser. *Hunnewell* v. *Charlestown*, 106 Mass. 350, 351. The tax law makes no specific provision for cases of this kind. There is, however, the general relief afforded by an action at law against the defendant personally if any damage results to the plaintiff from his tortious acts. *Dickinson* v. *Billings*, 4 Gray, 42. *Judd* v. *Thompson*, 125 Mass. 553. When a public officer goes completely outside the scope of his duty, he is not entitled to protection, *Moneyweight Scale Co.* v. *McBride*, 199 Mass. 503, 506, *Philadelphia Co.* v. *Stimson*, 223 U. S. 605, and cases collected at page 620, *Lane* v. *Hoglund*, 244 U. S. 174, 177, unless it is afforded by special statute. See St. 1909, c. 490, Part I, § 98. There are no allegations in the bill which show special ground for the interposition of equitable relief, or which indicate that if injury results to the plaintiff the remedy at law will not be sufficient. Adequate relief at law is one of the grounds of the demurrer.

It is not necessary to go so far as to say that no case can possibly arise where equities may exist of such a nature as to warrant injunctive relief against a tax collector acting in excess of his jurisdiction. See in this connection, *Johnson* v. *Wells Fargo & Co.*

239 U. S. 234; *Erie Elevator Co.* v. *Jersey City,* 84 N. J. Eq. 176, 179; *Pyle* v. *Brenneman,* 60 C. C. A. 409; 122 Fed. Rep. 787; *Ware Shoals Manuf. Co.* v. *Jones,* 78 S. C. 211. Without passing upon that point, it is enough to say that there are no grounds set forth in the present bill which require the interposition of a court of chancery.

*Decree dismissing bill affirmed.*