### LOUIS C. GRATON *vs.* CITY OF CAMBRIDGE.

Middlesex.　　October 24, 1924. — November 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, & PIERCE, JJ.

*Public Officer. Municipal Corporations,* Officers and agents, Certificate of municipal liens by collector of taxes.　*Estoppel.*

Collectors of taxes in Massachusetts towns or cities are public officers and not agents of their respective towns or cities in the performance of their duties prescribed by the laws of the Commonwealth.

A town or city is not held to answer for the defaults of omission or commission of its collector of taxes while in office and exercising the duties of such office, unless the law in imposing the duties on the collector obligates the town or city to see that such duties are fully performed.

G. L. c. 60, § 23, imposes no duty on a city which appoints a collector of taxes through the action of a city council elected in pursuance of Plan B, St. 1915, c. 267, and does not render a city functioning under Plan B liable for mistakes and omissions of public officers for which it would not have been liable before the acceptance of that plan.

A city, whose collector of taxes, upon application and the receipt of $1, gave, as to a certain parcel of land upon which a valid lien for a sidewalk assessment was in force, a certificate of municipal liens under G. L. c. 60, § 23, which contained a statement that no such lien existed, is not estopped to deny the truth of the certificate in an action against it for repayment of the amount of the sidewalk assessment, which upon threat by the city to sell the land by reason of its nonpayment, had been paid under protest by the person to whom the certificate had been given and who had purchased the land relying in good faith upon the truth of the certificate.

CONTRACT, with a declaration in three counts, alleged to be for the same cause of action.　In the first count, the plaintiff set out in detail the facts described in the opinion.　The second count was for $250.28 and interest, according to an account annexed which stated merely, "August 8, 1921, $250.28."　The third count was for that sum and interest "for money had and received by the defendant for the use of the plaintiff."　Writ dated August 11, 1921.

The defendant demurred to the declaration.　The demurrer was heard in the Superior Court by *Sanderson,* J., and was sustained.　The plaintiff appealed.

*G. K. Richardson,* for the plaintiff.

*P. J. Nelligan,* for the defendant.

PIERCE, J.   This is an action brought under the provision of G. L. c. 60, § 98, to recover back a tax paid under protest. The court sustained a demurrer to the declaration in three counts, all for the same cause of action. The plaintiff appealed to this court, *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133.   G. L. c. 231, § 96.

The facts set out in the declaration or incorporated therein by reference are that the plaintiff, about to purchase a piece of real estate in Cambridge, Massachusetts, free and clear of all incumbrances, including municipal liens, under the provisions of St. 1909, c. 490, Part II, § 20, duly applied to the " Treasurer and Collector of Taxes " of the city of Cambridge, a city having more than five thousand inhabitants, for a written statement of all taxes and other assessments which constituted liens on the parcel of real estate specified in his application and were payable on account of such real estate.   The statute relied on, now G. L. c. 60, § 23, reads as follows:

" The collector of taxes for any city, or for any town having more than five thousand inhabitants as determined by the last preceding national or State census, shall, on written application by any person, and within two days thereafter, furnish to any such applicant a written statement of all taxes and other assessments which at the time constitute liens on the parcel of real estate specified in such application and are payable on account of such real estate.   Such statement shall be itemized and shall show the amounts then payable on account of all such taxes and assessments so far as such amounts are fixed and ascertained, and if the same are not then ascertainable, it shall so be expressed in the statement.   Any town officer or board doing any act towards establishing any such tax, assessment, lien or charge upon any real estate in the town shall transmit a notice of such act to its collector.   Such collector shall charge one dollar for each statement so issued, and the money so received shall be paid into the town treasury."

The " Treasurer and Collector of Taxes," in response to

the said application, furnished the plaintiff with a " Certificate of Municipal Liens," which was erroneous in that it did not refer to a lien for a sidewalk assessment then existing against the property.  Acting and relying on said statement or " Certificate " that no other liens existed against the property, the plaintiff purchased it and has continued to remain the owner of said real estate.  Subsequently he received a bill for such sidewalk assessment in the sum of $230.61.  Through his attorneys, under protest, the plaintiff paid the bill rendered with interest, legal costs and charges, to prevent a threatened sale of the said premises.

Collectors of taxes in Massachusetts towns or cities are public officers and not agents of the towns or cities in the performance of their duties prescribed by the laws of this Commonwealth.  And the town or city in which the duties of the office of collector are performed is not held to answer for the defaults of omission or of commission of a collector while in office and exercising the duties of such office, unless the law in imposing the duties on the collector shall obligate the town or city to see that such duties are fully performed. *Rossire* v. *Boston*, 4 Allen, 57.  *Bolster* v. *Lawrence*, 225 Mass. 387, 389.  *Rockland* v. *Farnsworth*, 93 Maine, 178, 183.  *Lorillard* v. *Monroe*, 11 N. Y. 392, 396.

G. L. c. 60, § 23, imposes no duty on a city which appoints a collector of taxes through the action of a city council, elected in pursuance of Plan B, St. 1915, c. 267, whereby a city functioning under Plan B is made liable for the mistakes and omissions of public officers it would not have been liable for before the acceptance of said plan.  G. L. c. 60, § 23, does not concern any matter or thing from which the town or city can derive a benefit that may not be shared by the general public within as well as without the town or city where a lien for taxes may have been imposed.  The exaction of $1 from the applicant for a certificate, to be paid into the town treasury, does not make the act or omission of the collector the act or omission of the town or city because to some extent it may receive compensation for the services performed by its collector of taxes.  In no accurate sense can the payment and receipt of such a fee be held to result

in a pecuniary advantage to a town or city receiving it, and thereby for the purposes of the quoted statute constitute the collector an agent of the town or city. It results that the defendant is not estopped to deny the facts set up in the certificate, *Rossire* v. *Boston, supra,* and that the demurrer was sustained rightly.

<em>Order sustaining demurrer affirmed.</em>