ATLANTIC PHARMACAL CO. *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk. April 7, 10, 1936. — May 27, 1936.

Present: RUGG, C.J., CROSBY, FIELD, & DONAHUE, JJ.

*Equity Jurisdiction,* Remedy at law, To enjoin collection of tax.

There being an adequate remedy at law, a demurrer properly was sustained to a bill in equity by a wholesale dealer in alcoholic beverages against the commissioner of corporations and taxation to enjoin the collection of an excise alleged to have been illegally assessed under St. 1934, c. 385, § 13.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on January 28, 1935, and afterwards amended.

The defendant demurred. The demurrer was heard by *Pierce,* J., by whose order there were entered an interlocutory decree sustaining it and a final decree dismissing the bill. The plaintiff appealed.

*J. C. Johnston,* (*J. Friedberg* with him,) for the plaintiff.

*J. J. Ronan,* Assistant Attorney General, for the defendant.

RUGG, C.J. This is a suit in equity to enjoin the collection of an excise tax on the sale of alcoholic beverages alleged to be due to the Commonwealth from the plaintiff as a licensee. The allegations of the bill in substance are these: The plaintiff is a corporation engaged and licensed as a wholesale dealer in buying and selling alcoholic beverages. As required by G. L. c. 138, § 21 (as it appears in St. 1933, c. 376, § 2), the plaintiff filed its excise tax returns for January to June, inclusive, 1934, and has paid the excise taxes for those months on its sales within the Commonwealth on the basis of "forty cents for each proof gallon of all alcoholic beverages containing in excess of twenty-four per cent of alcohol by volume"; said § 21

provides no remedy to a licensee aggrieved by an assessment of taxes thereunder. By St. 1934, c. 385, § 13, the basis of the excise tax upon alcoholic beverages sold on and after July 1, 1934, "was changed to that of wine (volume) gallon basis" so that a different basis of taxation was enacted. Notwithstanding the payment by the plaintiff of the excises due from it for January to June, inclusive, 1934, as required by said § 21, the defendant on December 29, 1934, notified the plaintiff that additional taxes in specified sums must be paid by it for the same six months; these additional taxes are based, not upon the provisions of said § 21, but upon the different provisions of St. 1934, c. 385, § 13, applicable on and after July 1, 1934. Demand has been made by the defendant upon the plaintiff for these additional taxes, and notice has been given that proceedings will be instituted to collect them. The plaintiff has filed an application for the abatement of these taxes on the ground of their illegality, but does not know whether such application is well founded upon the law applicable to such taxes. There are further allegations that in law there is no basis for such taxes but that they are arbitrary and illegal and that, if the plaintiff should pay such taxes, it would have no remedy to recover them back. The defendant demurred to the bill on the grounds (1) that the plaintiff has a plain, complete and adequate remedy at law and (2) that the bill sets forth no cause calling for an equitable relief. An interlocutory decree was entered, sustaining the demurrer on both grounds, and a final decree dismissing the bill. The appeals of the plaintiff bring the case here.

The allegations in the bill touching matters of law are not admitted by the demurrer. They need not be considered. Only the facts well pleaded in the bill are admitted for the purpose of this decision.

The general principle has been repeatedly declared in this Commonwealth that a suit in equity will not lie to restrain the collection of a tax. Commonly other remedies, such as abatement, special statutory proceedings, or action

to recover a sum unlawfully collected under the guise of a tax, afford ample protection to the taxpayer and are exclusive. *Warr* v. *Collector of Taxes*, 234 Mass. 279, 282–283, and cases there collected. In that case the subject is discussed at large; a tax collector was proceeding to collect a tax in a way and manner wholly unauthorized by statute; yet equitable relief was denied because there was other adequate remedy. *Bogigian* v. *Commissioner of Corporations & Taxation*, 248 Mass. 545. *Bogigian* v. *Commissioner of Corporations & Taxation*, 256 Mass. 142.

The plain, if not the necessary, implication from the allegations of the bill is that the additional tax is assessed under color of the amendment to the preëxisting statute wrought by St. 1934, c. 385, § 13. If that be so, there is in the final clause of that section provision for relief from an unwarranted or excessive excise by abatement. It is alleged in the bill that the plaintiff has filed an application for abatement and that it is ignorant whether relief can be accorded by that proceeding. In any event, undoubtedly action would lie against the defendant personally for sums collected by him illegally from the plaintiff. The defence of illegality would be open to the plaintiff in proceedings which, as alleged in the bill, have been threatened by the defendant to collect additional taxes. It is not necessary to consider whether in the event of no other remedy the excise tax, if unlawful and paid under compulsion, might be recovered under G. L. (Ter. Ed.) c. 258. *Preston* v. *Boston*, 12 Pick. 7. *Boston & Sandwich Glass Co.* v. *Boston*, 4 Met. 181, 189. *Nash* v. *Commonwealth*, 174 Mass. 335, 339. *McArthur Brothers Co.* v. *Commonwealth*, 197 Mass. 137.

It may be that extraordinary and exceptional circumstances may arise which will justify the interposition of equity to prevent the collection by public officials of sums asserted without right to be due as taxes. *Hill* v. *Wallace*, 259 U. S. 44, 62. *Miller* v. *Standard Nut Margarine Co. of Florida*, 284 U. S. 498, 509. *Rickert Rice Mills, Inc.* v. *Fontenot*, 297 U. S. 110. No circumstances are set forth in

the present record to warrant equitable relief or to prevent the application of the general rule set forth in *Warr* v. *Collector of Taxes*, 234 Mass. 279. *Maley* v. *Fairhaven*, 280 Mass. 54. *Hunnewell* v. *Charlestown*, 106 Mass. 350.

> *Interlocutory decree affirmed.*
> *Final decree affirmed.*