PROPRIETORS OF THE CEMETERY OF MOUNT AUBURN *vs.*
UNEMPLOYMENT COMPENSATION COMMISSION.

Suffolk.   May 4, 1938. — September 14, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Equity Jurisdiction,* To enjoin collection of contributions for unemployment compensation, To enjoin collection of tax, Remedy at law.
*Unemployment Compensation.*

Under § 8 of the unemployment compensation law, G. L. c. 151A as it
appears in St. 1937, c. 421, an adequate remedy is provided against
illegal assessment; and a suit in equity to enjoin collection of contributions and to recover contributions paid under protest could not
be maintained.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Suffolk on October 19, 1936, and afterwards
amended.

The case was reserved and reported by *Qua,* J.

*J. Noble,* (*C. M. Storey & A. H. Morse* with him,) for the
plaintiff.

*J. J. Ronan,* Assistant Attorney General, for the defendant.

DOLAN, J.   This is a suit in equity wherein the plaintiff
seeks to enjoin the defendants from collecting contributions
and enforcing penalties under the provisions of the unemployment compensation law, G. L. c. 151A, as it appears
in St. 1935, c. 479, § 5, and St. 1937, c. 421, and to recover
contributions paid by the plaintiff under protest to avoid
penalties.   The case was heard by a single justice of this
court, who reserved and reported the same, without decision, upon "the amended bill of complaint, the supplemental bill of complaint, the answer and statement of
agreed facts for determination by the full court."

The plaintiff contends that the contributions made by it
under protest were illegally exacted because they come
within the exemption set forth in c. 151A, § 1 (f) (7), as

it appears in St. 1937, c. 421, by which section the term "employment" does not apply to "Service performed in the employ of a corporation . . . organized and operated exclusively for a religious, charitable, scientific, literary or educational purpose, or for the purpose of the prevention of cruelty to children or animals, or for any combination of such purposes."

By the allegations of its bill the plaintiff seeks to justify its standing in equity upon the ground that it has no adequate remedy at law, in that the governing statute provides no method by which it may recover payments erroneously exacted by the defendant.

In its amended bill the plaintiff relies upon the provisions of G. L. c. 151A as it appears in St. 1937, c. 421. It follows that, in considering the plaintiff's standing in equity to obtain the relief sought, c. 151A must be considered in its form as appearing in St. 1937, c. 421. See *Atlantic Pharmacal Co.* v. *Commissioner of Corporations & Taxation*, 294 Mass. 485, 487.

At the outset it is clear that the plaintiff seeks to bring itself within an exemption contained in a statute that has already been determined to be fundamentally a tax statute. See *Howes Brothers Co.* v. *Unemployment Compensation Commission*, 296 Mass. 275, 282. See also *Carmichael* v. *Southern Coal & Coke Co.* 301 U. S. 495, 508; *Beeland Wholesale Co.* v. *Kaufman*, 234 Ala. 249, 255. In the case of *Atlantic Pharmacal Co.* v. *Commissioner of Corporations & Taxation*, 294 Mass. 485, it is said at page 486: "The general principle has been repeatedly declared in this Commonwealth that a suit in equity will not lie to restrain the collection of a tax. Commonly other remedies, such as abatement, special statutory proceedings, or action to recover a sum unlawfully collected under the guise of a tax, afford ample protection to the taxpayer and are exclusive." See also *Brewer* v. *Springfield*, 97 Mass. 152, 154; *Loud* v. *Charlestown*, 99 Mass. 208; *McGee* v. *Salem*, 149 Mass. 238, 242; *Wheatland* v. *Boston*, 202 Mass. 258, 259; *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 10; *Warr* v. *Collector of Taxes of Taunton*, 234

Mass. 279, 282–283, and cases cited. In exceptional and extraordinary circumstances where the statutes fail to provide any remedy for the recovery of sums paid under illegal assessments the taxpayer may seek relief in equity. In the case of *Howes Brothers Co.* v. *Unemployment Compensation Commission,* 296 Mass. 275, 282, which arose under the provisions of G. L. c. 151A, but before the enactment of St. 1937, c. 421, while the general principle above stated was affirmed, it was held that the statute in its then form made no definite provision for recovery in any form of action, and that "Without impairing the force of the general rule just stated, the extraordinary circumstances here disclosed afford jurisdiction in equity." Section 8 of c. 151A as it appears in St. 1937, c. 421, however, creates a statutory remedy.

Section 8 provides in part as follows: "If within three years after any contribution has become due and payable, a person who has paid such contribution, interest thereon or penalty assessed in lieu thereof, shall make application for an adjustment or refund thereof, and if the commission shall determine that such contribution, interest or penalty, or any portion thereof, was erroneously collected, the commission shall allow such person to make an adjustment thereof . . . or shall authorize the refund of said amount, with interest . . . . An action to enforce any provision of this section shall be commenced within three years next after the cause of action accrues." These provisions were added to c. 151A by the enactment of St. 1937, c. 421, after the decision of this court in the case of *Howes Brothers Co.* v. *Unemployment Compensation Commission,* 296 Mass. 275. The Legislature at the date of enactment of St. 1937, c. 421, must be presumed to have known of that decision (see *Devney's Case,* 223 Mass. 270, 271) and we think the provisions of § 8 were intended to remedy the defect in the preëxisting law which was pointed out in the *Howes* case.

Since the plaintiff has an adequate remedy under the provisions of the governing statute, which it must pursue in the form therein prescribed (see *Wheatland* v. *Boston,* 202 Mass. 258, 260; *Bogigian* v. *Commissioner of Corporations*

& *Taxation,* 248 Mass. 545, 548; *Atlantic Pharmacal Co.* v. *Commissioner of Corporations & Taxation,* 294 Mass. 485, 487), it follows that the bill must be dismissed with costs, but without prejudice to the right of the plaintiff to pursue its appropriate remedy under the statute.

*Ordered accordingly.*