JACOB MEENES & another, trustees, *vs.* MIRIAM V. GOLD-
BERG & others.

Worcester.    September 27, 1954. — November 2, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Equity Jurisdiction*, Tax, Declaratory relief.  *Taxation*, Sewer assessment,
  · Lien, Certificate of municipal liens.  *Declaratory Judgment.  Superior
  Court*, Jurisdiction.  *Municipal Corporations*, Betterment.  *Worcester.
  Words*, "Payable," "Accrued."

A sewer assessment laid on real estate by a municipality must be treated
    as a tax for the purpose of determining whether or not a suit in equity
    could be maintained for a declaratory decree as to the validity of the
    assessment lien.  [690]
The continued validity of a municipal lien upon real estate for an unpaid
    sewer assessment after the filing in the registry of deeds of a certificate
    of municipal liens furnished under G. L. (Ter. Ed.) c. 60, § 23, as
    amended by St. 1943, c. 478, § 3, in which the sewer assessment did
    not appear, might properly be determined by a declaratory decree in
    a suit under G. L. (Ter. Ed.) c. 231A wherein the municipality and
    other persons interested in the matter were parties.  [690–691]
A suit for a declaratory decree under G. L. (Ter. Ed.) c. 231A as to the
    validity of a municipal sewer assessment lien on real estate was within
    the jurisdiction of the Superior Court.  [691–692]
A lien for a municipal sewer assessment laid on a parcel of vacant real
    estate in 1938, payment of which was postponed by municipal officers
    in 1940 until a date in 1950 or until the parcel should be built upon,
    whichever should first occur, was discharged when, in 1945, pursuant
    to G. L. (Ter. Ed.) c. 60, § 23, as amended by St. 1943, c. 478, § 3,
    there was furnished by the collector of taxes and duly recorded a
    certificate of municipal liens on the parcel, still vacant, in which the
    unpaid assessment did not appear.  [692–693]
Liens on real estate for unpaid sewer assessments given to the city of
    Worcester by certain special statutes may be discharged prior to the
    expiration of the lien period specified therein through the operation of
    G. L. (Ter. Ed.) c. 60, § 23, as amended by St. 1943, c. 478, § 3.  [693]

BILL IN EQUITY, filed in the Superior Court on December
1, 1952.
The suit was heard by *Meagher, J.*

*Alfred N. Whiting,* Assistant City Solicitor, (*Harry J. Meleski,* City Solicitor, with him,) for the defendant city of Worcester.

*Joseph Talamo,* (*James J. Phillips* with him,) for the plaintiffs.

QUA, C.J. This bill seeks a declaratory decree as to the validity of a lien for a sewer assessment upon a parcel of land in Worcester. The Superior Court entered a decree that the lien had been discharged as the result of the filing in the registry of deeds of certificates in accordance with G. L. (Ter. Ed.) c. 60, § 23, as then most recently amended by St. 1943, c. 478, § 3.[1] The defendant city of Worcester appeals.

On July 12, 1938, the mayor and aldermen laid the assessment upon the defendants Davis, the then owners, and on April 30, 1940, postponed payment of the assessment until April 30, 1950, or until the land should be built upon, whichever should first occur. See St. 1939, c. 282, § 3; G. L. (Ter. Ed.) c. 83, § 19, as appearing in St. 1943, c. 252, § 4. On November 1, 1945, the land in question was conveyed to the plaintiffs, subject to the assessment. Under date of November 2 and November 3, 1945, on written application, the collector of taxes furnished certificates in accordance with § 23 of "all taxes and assessments, water rates and charges" constituting liens on land including that here involved. The certificates were filed for record on November 8. The sewer assessment did not appear upon the certificates. The land was built upon during the year 1946, but no notice of such building was given to the treasurer or collector. On January 5, 1949, the plaintiffs conveyed the land to the defendant Goldberg, and on April 30, 1951, the defendant Goldberg conveyed it to the defendant Lonstein, the deed reciting that the grantor assumed and agreed to pay the sewer assessment. The amount of the assessment with interest was added to the tax bill for 1951, and demand was made upon the defendant Goldberg. By instrument of

---

[1] A later amendment by St. 1952, c. 388, is of no importance in this case.

taking dated December 19, 1952, the collector took the land for the city for nonpayment of taxes, including the sewer assessment. The defendant Lonstein has begun an action against the defendant Goldberg for breach of warranty against encumbrances, and the defendant Goldberg has threatened to bring a similar action against the plaintiffs, all on account of the alleged existence of the sewer assessment.

1. The first question is whether the Superior Court had jurisdiction of a bill for a declaration as to the continued validity of the lien for the assessment. The city in raising the point relies upon a series of cases holding that equity will not interfere to determine the validity of a tax, but will leave the statutory machinery to operate precisely according to the terms of the statutes. *Welch* v. *Boston*, 208 Mass. 326, 328. *Warr* v. *Collector of Taxes of Taunton*, 234 Mass. 279, 282–283, and cases cited. *Maley* v. *Fairhaven*, 280 Mass. 54, 56–58. *Atlantic Pharmacal Co.* v. *Commissioner of Corporations & Taxation*, 294 Mass. 485. *Proprietors of the Cemetery of Mount Auburn* v. *Unemployment Compensation Commission*, 301 Mass. 211. There are many cases to the same effect. For present purposes a sewer assessment is a tax. *Kirchner* v. *Pittsfield*, 312 Mass. 342, 344. Most of the cases denying relief in equity proceed upon the ground that the remedies through ordinary legal processes by petition for abatement or by paying the tax under protest and then recovering it back are adequate. See *Oakley Country Club* v. *Long*, 325 Mass. 109, 112–113. Some cases also mention the public necessity for prompt payment of taxes. *Greenhood* v. *MacDonald*, 183 Mass. 342.

The exclusion of equitable remedies from this field is not necessarily total. In exceptional circumstances where other remedies are not deemed adequate, equity may intervene. *Atlantic Pharmacal Co.* v. *Commissioner of Corporations & Taxation*, 294 Mass. 485, 487–488. *Howes Brothers Co.* v. *Unemployment Compensation Commission*, 296 Mass. 275, 281–282. And in the present instance it may be noted that the real question is not the validity of the assessment it-

Meenes v. Goldberg.

self but rather the continued validity of the lien upon the land, a matter in which all seven parties to the suit have an interest.

But the most convincing reason for sustaining the bill is found in G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, and setting up the present procedure for declaratory judgments. Section 9 of this chapter makes it particularly plain that the statute is to be "liberally construed and administered" "to remove, and to afford relief from, uncertainty and insecurity with respect to rights, duties, status and other legal relations." Commonly relief under this chapter should not be denied because of the possibility of some other form of remedy, if the case presented comes within the general scope of the chapter and no special reasons exist against the use of the declaratory process. We think those conditions are met in this instance. Declaratory procedure has been widely employed to determine rights and duties in connection with the assessment and collection of taxes.[1] These rights and duties must be determined at some time. Injunctions delaying the collection of the tax are not a necessary part of declaratory procedure and caution should be exercised in granting them. We believe that declaratory procedure subject, as it is, to the discretion of the court and under its immediate control will prove a convenient means of promoting justice and will not unduly interfere with the collection of taxes.

We think also that the Superior Court was a proper court to entertain jurisdiction of the cause. Chapter 231A, § 1, places declaratory procedure in the Supreme Judicial Court, the Superior Court, the Land Court, and the Probate Courts "within their respective jurisdictions." It would seem that the proper court must be determined largely by analogy to

---

[1] See, for example, Nachman v. State Tax Commission, 233 Ala. 628, 632, 633; Charter Oak Council, Inc., Boy Scouts of America v. New Hartford, 121 Conn. 466, 475; Detroit v. Sitter, 288 Mich. 505; Moeller, McPherrin & Judd v. Smith, 127 Neb. 424, 428; Dun & Bradstreet, Inc. v. New York, 276 N. Y. 198, 206–207; American Life & Accident Ins. Co. v. Jones, 152 Ohio St. 287; Childs v. Marion County, 163 Ore. 411; Nashville, Chattanooga & St. Louis Railway v. Wallace, 288 U. S. 249; Borchard, Declaratory Judgments (2d ed.) 825–857; Anderson, Actions for Declaratory Judgments, §§ 548–572; 132 A. L. R. 1108; 11 A. L. R. (2d) 359.

the kinds of jurisdiction generally exercised by these courts. The rule of liberal construction should prevail in this matter of jurisdiction, as in other matters relating to declaratory procedure. The Superior Court has general equity jurisdiction and can entertain a bill to remove a cloud on title. It by no means follows that the suit could not have been brought in this court or in the Land Court.

2. We think that the judge rightly ruled that the lien had been discharged. It is provided by G. L. (Ter. Ed.) c. 60, § 23, as amended, that "The collector of taxes for any city, or for any town having more than five thousand inhabitants . . . shall, on written application by any person . . . furnish to such applicant a certificate of all taxes and other assessments . . . which at the time constitute liens on the parcel of real estate specified in such application and are payable on account of such real estate. Such certificate shall be itemized and shall show the amounts then payable on account of all such taxes and assessments, rates and charges, so far as such amounts are fixed and ascertained, and if the same are not then ascertainable, it shall so be expressed in the certificate." Such a certificate, when duly recorded, "shall operate to discharge the parcel of real estate specified from the liens for all taxes, assessments or portions thereof, rates and charges which do not appear by said certificate to constitute liens thereon, except the taxes, assessments or portions thereof, rates and charges which have accrued within the three years immediately preceding the date of the certificate . . . ." Then follow certain other exceptions not here applicable. The section further provides that a certificate issued thereunder shall not affect the obligation of any person liable for the payment of any tax, assessment, rate or charge.

It seems to us that the clear design of this statute was to furnish a ready means by which a person interested in a parcel of land could obtain definite and indisputable information of all municipal liens for assessments chargeable upon the land. We cannot agree with the city's contention that it refers only to obligations "payable" in the sense of

being immediately due and presently collectible at the time the certificate is given. We think it includes obligations chargeable upon the land, even though actual payment may have been postponed, and that, similarly, such obligations must be deemed to have "accrued," if a lien has arisen on account of them, even if payment has been postponed. By no other construction can the statute be made to serve the intended purpose. The case of *Graton* v. *Cambridge*, 250 Mass. 317, cited by the city, was decided before the provision for discharge of liens not appearing in the certificate was added to the statute.

Neither can we accept the city's contention that, because the special statutes relative to sewers in Worcester as appearing in and amended by St. 1939, c. 282, (see *Cohen* v. *Price*, 273 Mass. 303) give the city a lien for two years after the assessment or after the time to which payment has been extended, a lien for a sewer assessment in Worcester cannot be discharged before the expiration of that time by failure to mention it in a certificate given under G. L. (Ter. Ed.) c. 60, § 23, as amended. This statute is a general law intended to be effective throughout the Commonwealth. We see no reason why liens for assessments in Worcester, by whatever statute they arise, may not be lost, through the operation of § 23, before they would otherwise expire, as may such liens in other cities and towns.

It follows that the lien in question was discharged because the assessment "accrued" more than three years preceding the date of the certificates and was not mentioned therein.

*Decree affirmed with costs of appeal*
*to the plaintiffs as against the city*
*of Worcester.*