CALIFORNIA VILLAGE CORPORATION & others *vs.*
TOWN OF EAST LONGMEADOW & others.

Hampden.    February 10, 1976. — March 9, 1976.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Taxation,* Betterment.   *Equity Jurisdiction,* To enjoin collection of a
tax.

The validity of assessments which had been certified to a board of as-
sessors and committed to a collector of taxes pursuant to G. L. c. 80,
§ 4, could not be challenged by a proceeding in equity.  [129-130]

BILL IN EQUITY filed in the Probate Court for the county
of Hampden on March 7, 1973.
The suit was heard by *Smith,* J.
The case was submitted on briefs.
*Edward J. Ryan, Jr., & Michael W. Albano* for the
plaintiffs.
*Joseph R. Jennings* for the defendants.

HALE, C.J.   This bill in equity was brought by owners
of real estate abutting Albano Drive in East Longmeadow
against the town, the members of its board of assessors,
its tax collector, and its board of public works.[1] In essence,
the bill alleges that the town accepted Albano Drive as a
public way and improved it, and the board of public works
assessed betterments pursuant to G. L. c. 80. The bill ap-
pears to allege that the orders required by G. L. c. 80, §§ 1
and 2, were not made and recorded within the time limita-
tions set by those sections, and for that reason the assess-
ments were "improper, inequitable, and illegal." The bill
goes on to allege facts from which we conclude that the

---

[1] All of the proceedings in this case occurred before July 1, 1974.

California Village Corporation *v.* Town of East Longmeadow.

assessments were certified to the board of assessors which then committed the assessments on the plaintiffs' several lots to the collector of taxes (G. L. c. 80, § 4). The collector in turn notified the plaintiffs that the assessments had been levied on each of the plaintiff's lots in amounts proportionate to their frontage. It is not alleged that the certification to the assessors was not made within a reasonable time after the board of public works ordered the assessments.

The prayers of the bill seek, in part, to have the assessments voided, the liens "removed" and the collection of the assessments enjoined.

The respondents demurred to the bill assigning, among others, the ground that the court was without jurisdiction in a proceeding in equity to enjoin a collector of taxes from "performing his sworn and bonded duty." We construe the quoted language as meaning "collecting taxes (and assessments) committed to him." A probate judge sustained the demurrer, and the plaintiffs have appealed. There was no error.

When an assessment has been made for a betterment under G. L. c. 80, §§ 1 and 2, and that assessment has been certified to a board of assessors and then committed to a collector of taxes, the assessment becomes in all respects a tax, and the collector has all of the powers and duties with respect to it that he has in the case of annual taxes on real estate. The law in regard to the collection of annual taxes applies to such an assessment (with an exception not here material). G. L. c. 80, § 4. See *Wheatland* v. *Boston,* 202 Mass. 258, 262 (1909). "It is a general principle that a suit in equity will not lie to restrain a tax collector from proceeding to collect his tax. Ordinarily the remedy by abatement and by action to recover an unlawful tax afford ample protection to the taxpayer and are the exclusive remedies. The court will not inquire into the validity of the tax by such a proceeding in equity." *Warr* v. *Collector of Taxes of Taunton,* 234 Mass. 279, 282-283 (1920). *Atlantic Pharmacal Co.* v. *Commissioner of Corps. and Taxn.* 294 Mass. 485, 486-488 (1936). Compare *Norwood* v. *Nor-*

*wood Civic Assn.* 340 Mass. 518, 523-524 (1960). The demurrer was properly sustained.

We in no way suggest that before the commitment of an assessment to a collector of taxes its validity may not be challenged by a civil action in the nature of certiorari (see *Chilson* v. *Mayor of Attleboro,* 247 Mass. 191, 203 [1924]; G. L. c. 249, § 4, as inserted by St. 1973, c. 1114, § 289) or for a declaratory judgment (see *Meenes* v. *Goldberg,* 331 Mass. 688, 691 [1954], *Berriault* v. *Wareham Fire Dist.* 360 Mass. 160 [1971], and *Zambernardi* v. *Selectmen of Wilmington,* 2 Mass. App. Ct. 873 [1974]).

The appropriate order, as this is an appeal from an interlocutory order rather than a final decree, *Merrick* v. *Hampden-Wilbraham Regional Dist. Sch. Comm.* 2 Mass. App. Ct. 796 (1974), is

*Appeal dismissed.*