ARTHUR I. SAMEL & another[1] *vs.* CITY OF PITTSFIELD LICENSING BOARD & another. January 12, 1978. The plaintiffs in this action applied for a wine and malt beverages restaurant license for their establishment. The Berkshire Full Gospel Church, Inc., located within 500 feet of the premises, filed a timely written objection to the issuance of the license, pursuant to G. L. c. 138, § 16C. On June 10, 1974, the Pittsfield licensing board (board) voted to deny the application on the ground of the church's objection. The plaintiffs then appealed the board's decision to the Alcoholic Beverages Control Commission, pursuant to G. L. c. 138, § 67. On August 22, 1974, the commission, on the basis of the church's objection, sustained the board's decision.

The plaintiffs did not seek direct judicial review of the commission's decision, pursuant to G. L. c. 30A, § 14. Instead, they brought a complaint in the Superior Court pursuant to G. L. c. 231A, § 1, et seq., requesting that G. L. c. 138, § 16C, be declared unconstitutional and void. Their motion for summary judgment was granted, the judge declaring the provision unconstitutional as an improper delegation of authority to a private organization, and as violative of the due process clauses of both the United States and Massachusetts Constitutions. The defendants appealed to the Appeals Court. We transferred the matter here on our own motion.

The defendants now challenge the jurisdiction of the Superior Court to enter a declaratory judgment in the face of the plaintiffs' failure to seek judicial review of the commission's decision pursuant to G. L. c. 30A, § 14, although they did not raise this issue below. They also attack the declaratory judgment on its merits.

The judge's decision to entertain the request for declaratory relief was neither unauthorized nor inappropriate. While review pursuant to G. L. c. 30A, § 14, may have been available to the plaintiffs, their subsequent bill for declaratory relief is not precluded. See *Boston Licensing Bd.* v. *Alcoholic Beverages Control Comm'n,* 367 Mass. 788, 792 (1975). The issue raised by this complaint involved the constitutionality of G. L. c. 138, § 16C, and does not depend on any fact-finding role of the defendants. Such issues appropriately may be raised by a complaint under G. L. c. 231A. *St. Luke's Hosp.* v. *Labor Relations Comm'n,* 320 Mass. 467, 470 (1946). G. L. c. 231A, § 2. See *East Chop Tennis Club* v. *Massachusetts Comm'n Against Discrimination,* 364 Mass. 444, 449-451 (1973). "Commonly relief under this chapter should not be denied because of the possibility of some other form of remedy, if the case presented comes within the general scope of the chapter and no special reasons exist against the use of the declaratory process." *Meenes* v. *Goldberg,* 331 Mass. 688, 691 (1954). No significant reason for denying declaratory relief is presented here.

The issues raised by the challenge to the declaratory judgment on its merits have been fully explored, and determined, in *Arno* v. *Al-*

---

[1] Benjamin Samel.

*coholic Beverages Control Comm'n. ante* 94 (1979). Chapter 138, § 16C, neither unlawfully delegates power, nor violates the principles of due process. As a valid exercise of police power, it conforms to the requirements of both the Massachusetts and United States Constitutions.

The judgment of the Superior Court is reversed, and the case is remanded thereto for entry of judgment in conformity with this opinion.

*So ordered.*

The case was submitted on briefs.

*Robert M. Fuster & Gary A. Case* for the plaintiffs.

*Mitchell J. Sikora, Jr.*, Assistant Attorney General, for the Alcoholic Beverages Control Commission.