Connolly, J.
The underlying action was brought by Cohasset Heights Ltd. (CHL) seeking judicial review of a decision by the Board of Health of the Town of Cohasset (Board). The decision denied a site assignment application by CHL to expand its sanitary landfill in Cohasset onto what it calls Area V (the Site). CHL seeks damages, fees, and costs under the Massachusetts Civil Rights Act, G.L.c. 12, §§11H and I. In addition, CHL seeks a declaratory judgment pursuant to G.L.c. 231A, §§1 et seq.
Under the Civil Rights’ claim, the Board brought its motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6),(7), and (9) on the grounds that CHL failed to state a claim upon which relief can be granted, that a prior pending action involved the same allegations as to events occurring prior to the site assignment hearing, and that CHL has failed to name necessary parties in this action. In addition, the Board seeks to preclude a de novo appeal of the site assignment decision because G.L.c. 30A, §14 mandates that deference be granted to the Board’s findings and that the Court’s review be limited to the record.
*638 The Board also filed a special motion to dismiss under G.L.c. 231, §59H (anti-SLAPP statute) alleging that CHL’s claims against the Board implicates this statutory protection from claims based upon citizen participation in matters of public importance.
BACKGROUND
CHL is a family-run Massachusetts corporation with a principal place of business in Cohasset. It operates a fully licensed solid waste disposal facility for construction and demolition material adjacent to the Site. The Board is a municipal agency created under the authority of G.L.c. Ill, §26 and G.L.c. 41, §1. It has the authority to consider site assignment applications pursuant to G.L.c. Ill, §150A.
CHL purchased the disposal facility on February 24, 1982. It is in the business of handling, processing, and disposing of construction and demolition material at the Site. Its present operation is located immediately adjacent to the Site and operates under a site assignment issued by the Board to its predecessor. After it purchased the facility, CHL accepted municipal solid waste including household garbage. In 1988, after an adverse ruling in zoning litigation between CHL and the Town of Cohasset, CHL limited its waste stream to construction and demolition waste.
On August 30, 1995, CHL filed a site assignment application for an expansion of its landfill operation on the Site. The expansion was proposed for approximately 14 acres to the northwest of the current facility. Landfilling is proposed to be conducted in stages at a maximum rate of 500 tons per day for both municipal solid waste and construction and demolition debris. CHL has also proposed to accept an additional 100 tons per day of construction and demolition debris for processing but not for disposal.
On January 23, 1996, the Board commenced its public hearing on the site assignment application. It conducted hearings on nineteen separate occasions through March 23, 1996. On April 29, 1996, the Board rendered its decision denying the proposed expansion of the landfill into the site offering several bases for denial. The decision was subsequently published on May 2, 1996.
CHL contends that the Board improperly denied its application by acting with prejudgment and bias, and further, that it committed significant errors of law. CHL further alleges that the Town of Cohasset, acting through various municipal boards, took part in a scheme of harassment in an attempt to limit landfill operations.
After a hearing on the motions, the defendant’s motion to dismiss is allowed in part and denied in part.
DISCUSSION
The Board has filed three separate motions with respect to the case at bar. Accordingly, this Court will discuss each separately.
I.
The Board’s first motion seeks a dismissal of Counts II, III, and IV of CHL’s Complaint. Count II of CHL’s Complaint alleges Civil Rights violations under G.L.c. 12, §11H, Count III seeks relief in the nature of Certiorari under G.L.c. 249, §4, and Count IV seeks a Declaratory Judgment pursuant to G.L.c. 231A, §§1 et seq.[1]
II.
A. COUNT II
With respect to Count II (Civil Rights’ claim), the Board has brought its motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6),(7), and (9) on the grounds that CHL failed to state a claim upon which relief can be granted, that a prior pending action involved the same allegations as to events occurring prior to the site assignment hearing, and that CHL has failed to name necessary parties in this action.
1. Mass.R.Civ.P. 12(b)(6)
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
“[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). Further, a complaint should not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28, 30 (1988). All inferences should be drawn in the plaintiffs favor in the complaint so as to do substantial justice . . ." Ourfalian v. Aro Mfg. Co., Inc., 31 Mass.App.Ct. 294, 296 (1991).
General Laws c. 12, § 11H provides, in relevant part, that a civil rights cause of action may be brought “[w]henever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion . . .” Recently, the Supreme Judicial Court articulated the proper standard that must be met in order to have a valid cause of action under the Massachusetts Civil Rights Act. ‘To establish a claim under the Act, the plaintiff]] must prove that (1) their exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, (2) have been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by ‘threats, intimidation or coercion.’ ” Swanset Development *639 Corp. v. Taunton, 423 Mass. 390, 395 (1996) (citations omitted).
For purposes of this Act, a threat “involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm.” Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, 474, cert. denied 115 S.Ct. 188 (1994). Intimidation “involves putting in fear for the purpose of compelling or deterring conduct.” Id. Finally, “coercion" has been defined by the Supreme Judicial Court as “the use of physical or moral force to compel [another] to act or assent.” Swanset Development Corp., 423 Mass. at 396, quoting Webster’s New Third Int’l Dictionary 439 (1981).
CHL has valiantly tried to expand this standard to include a “scheme of harassment” on the part of the Board. It could not, however, offer convincing support for this premise. CHL has not presented any compelling evidence to show that its rights were impaired by “threats, intimidation or coercion.” Although CHL alleges that the Board acted to impede the expansion of the landfill, it never alleged that the Board sought to persuade them to alter or amend their plans to conform with conditions placed on it by the Board. “[A] direct deprivation of rights, even if unlawful, is not coercive because it is not an attempt to force someone to do something the person is not lawfully required to do.” Swanset Development Corp., 423 Mass. at 396, quoting Freeman v. Planning Board of W. Boylston, 419 Mass. 548, 565, cert. denied, 116 S.Ct. 337 (1995). Since CHL has not alleged any facts to support a cause of action under the Massachusetts Civil Rights Act, Count II should be dismissed for failure to state a claim upon which relief can be granted. As a consequence, the Board’s other theories for dismissal (Mass.R.Civ.P. 12(b)(7) and (9)) need not be addressed.
B. Declaratory Judgment
CHL is asking the Court to direct the Board to issue a site assignment under G.L.c. 231 A, §§1 et seq. The Board contests this method of relief because G.L.c. 30A, §14 is the proper vehicle for obtaining relief. CHL contends, however, that G.L.c. 30A, §14 is not the exclusive remedy for CHL and declaratory judgment is both allowed and appropriate in this case.
“ ‘When a direct and distinct path of review is available,’ it is not appropriate to grant declaratory relief in the absence of special circumstances . . .” Rosenfeld v. Board of Health of Chilmark, 27 Mass.App.Ct. 621, 624 (1989) (citations omitted). General Laws c. 30A, §14 affords a site applicant a path for review to contest the denial of Site Application for dumping grounds under G.L.c. Ill, §150A.
CHL cites to Samel v. City of Pittsfield Licensing Board, 377 Mass. 908 (1978), for the proposition that relief under G.L.c. 231A, §§1 et seq. should not be denied merely because there is another available vehicle for relief. In Samel, the plaintiffs applied for a wine and malt beverages license under G.L.c. 138, §16C. After a written objection by a neighboring church, the Pittsfield Licensing Board denied the application. The plaintiffs appealed to the ABCC who sustained the denial. The plaintiffs did not seek direct judicial review pursuant to G.L.c. 30A, §14, but rather brought a complaint in the Superior Court pursuant to G.L.c. 231A, §§1 etseq., requesting that G.L.c. 138, §16C be declared unconstitutional. The plaintiffs’ motion for summary judgment was granted, and the judge declared the statute unconstitutional. On appeal, the defendant challenged the jurisdiction of the Superior Court for issuing the declaratory judgment. The court held that “[t]he judge’s decision to entertain the request for declaratory relief was neither unauthorized nor inappropriate. While review pursuant to G.L.c. 30A, §14 may have been available to the plaintiffs, their subsequent bill for declaratory relief [was] not precluded.” The court reasoned that because the issue raised by the complaint involved the constitutionality of a statute and did not depend on any fact finding by the court, then such an issue was appropriate for declaratory relief. “Commonly relief under [G.L.c. 231A, §§1 et seq.] should not be denied because of the possibility of some other form of remedy, if the case presented comes within the general scope of [G.L.c. 231A, §§1 et seq.] and no special reasons exist against the use of the declaratory process.” Meenes v. Goldberg, 331 Mass. 688, 691 (1954). The case at bar is distinguishable from the Samel decision because CHL is asking the Court to stand in the shoes of the Board and make a determination as to its Site Application. In the Samel case, the court was deciding the constitutionality of the statute and was in a better position to make that determination. The better vehicle for this Court would be to decide the matter as a 30A appeal. Therefore, the Board’s Motion to Dismiss Count IV should be allowed.[2]
II.
A. Motion to Conform the Scope and Standard of Review on Count I to the Requirements of G.L.c. 30A, §14
The Board has also filed a motion to conform the scope and standard of review on Count I to the requirements of G.L.c. 30A, §14. The Board contends that CHL has added Counts II-IV in order to circumvent the requirements of G.L.c. 30A, §14. Because Counts II and IV have been dismissed and Count III was voluntarily dismissed by CHL, this motion does not need to be addressed in this Memorandum of Decision. The arguments that the parties make in support of their positions is addressed in this Court’s Memorandum of Decision and Order on Plaintiff’s Motion to Present Testimony of Alleged Irregularities and Additional Evidence and Plaintiff’s Motion to Compel Depositions.
*640 III.
A. G.L.c. 231, §59H
The Board has filed a Special Motion to Dismiss under the anti-SLAPP suit statute, G.L.c. 231, §59H. The Board contends that this statute mandates the dismissal of claims based upon the participation of Alix White and Kevin Ulmer during the review of the site application. Since Count II (Civil Rights violations) and Count IV (declaratory judgment) should be dismissed for the reasons stated above, and Count III (certiorari) has been withdrawn by CHL, this issue need not be decided by the Court.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Defendant, Board of Health of the Town of Cohasset’s Motion to Dismiss Counts II-IV be ALLOWED. It is further ORDERED that Defendant, Board of Health of the Town of Cohasset’s Motion to Conform the Scope and Standard of Review on Count I to the Requirements of G.L.c. 30A, §14 be DENIED as moot. It is further ORDERED that Defendant, Board of Health of the Town of Cohasset’s Special Motion to Dismiss under G.L.c. 231, §59H be DENIED as moot.

 CHL has voluntarily moved to dismiss Count III (Certiorari) without prejudice. Accordingly, that Count will not be addressed.

 The plaintiffs certiorari claim (Count III) has been voluntarily withdrawn by CHL and is not before the court.