Agnes, Peter W., J.
This case arises from claims by the plaintiffs[3] for Workers’ Compensation benefits. The plaintiffs bring suit against the defendants, the Commissioner and Senior Judge of the Department of Industrial Accidents (the “Department”) ,[4] for declaratory judgment, mandamus and violations of their due process rights. The plaintiffs argue they were aggrieved by the withdrawals of their claims by a conciliator and the subsequent affirmation of those withdrawals by the Senior Judge. The matter is before this court on the defendants’ Motion to Dismiss. For the reasons stated below, the defendants’ motion is ALLOWED.
BACKGROUND
The procedural system for filing a claim for benefits under the Workers’ Compensation system is governed by G.L.c. 152 and 452 Code Mass. Regs. §1.00 et seq. The Department administers this system. After a party files a claim or complaint it proceeds to conciliation. At this stage, a non-judicial administrative official, called the conciliator, reviews the claim, speaks to the parties and requests any further required documentation. G.L.c. 152, §10(1); 452 Code Mass. Regs. §1.08. If the claim is not resolved at conciliation, it is referred to a conference, an informal proceeding before an administrative judge. G.L.c. 152, §§10(2), 10A. If the parties wish to appeal the decision, they may do so under G.L.c. 152, §10A(3). An appeal of the conference order affords the parties a full evidentiary hearing before an administrative judge, usually the samejudge who presided over the conference. G.L.c. 152, §11; 452 Code Mass. Regs. §1.11. The hearing decision may be appealed to the Reviewing Board under G.L.c. 152, § 11C. The Reviewing Board, made up of administrative judges, reverses the hearing decision if it is beyond the scope of the administrative judge’s authority, was arbitrary or capricious, or contrary to law. G.L.c. 152, §11C. Decisions of the Reviewing Board may be appealed to the Appeals Court, and such appeals are taken pursuant to G.L.c. 30A, §14. G.L.c. 152, §12(2). Orders of the Department may be enforced when necessary in the Superior Court. G.L.c. 152, §12(1).
For the purposes of this motion, the facts as alleged in the plaintiffs’ Complaint are taken as true. Paula Eastwood filed a claim for benefits against three insurers for three separate injuries. At conciliation, the conciliator requested that a fourth insurer who had covered Eastwood for a period of time be added. Eastwood maintained that the fourth insurer was not necessary. The conciliator withdrew the claim.[5] East *89 wood appealed to the Senior Judge, who affirmed the withdrawal, citing a failure to provide requested documentation and to add the fourth insurer.
Valerie Sullivan won a claim against an insurer, who then made payment to her after the statutory deadline. Sullivan filed a claim for a penalty for late payment, under G.L.c. 152, §13A. The conciliator stated that she had extended the conciliation period pursuant to G.L.c. 152, §13A(1), which allows for extension after consulting with the parties and appending a written statement to the file. No consultation occurred, and no record was put in the file. The conciliator withdrew the claim. Sullivan appealed to the Senior Judge, who affirmed the conciliator’s withdrawal.
Emile Tabea filed a claim for benefits for a back injury that caused him to miss work sporadically over time. The conciliator requested treatment records for each day missed. Because Tabea did not seek medical treatment every day he was absent from work due to his injury, he was unable to provide the requested documentation. The conciliator withdrew the claim and the Senior Judge affirmed.
Alvarez Hinton filed a claim for benefits, alleging he was totally disabled. The documentation he provided from his treating physician did not specifically state that he was “totally disabled.” The conciliator withdrew the claim for lack of sufficient documentation. Hinton appealed to the Senior Judge, arguing the evidence he presented was sufficient to show he was totally disabled. Hinton does not allege what, if any, decision the Senior Judge issued.
DISCUSSION
On a motion to dismiss, the court takes as true the allegations of the complaint and such inferences favorable to plaintiff as may be drawn therefrom. Jacome v. Commonwealth, 56 Mass.App.Ct. 486, 487 (2002), citing Eyal v. The Helen Broadcasting Corp., 411 Mass. 426, 429 (1991); Spinner v. Nutt, 417 Mass. 549, 550 (1994). While a complaint “does not need detailed factual allegations,” the allegations “must be enough to raise a right to relief above the speculative level...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). The defendants assert the plaintiffs’ claim should be dismissed for failure to exhaust their administrative remedies.
At issue in this case is the conciliation component of the Workers’ Compensation system. The purpose of conciliation is to attempt to resolve the dispute between the parties without resorting to more formal proceedings. “The conciliation unit within the division of dispute resolution may attempt to resolve the claim or complaint by informal means and the parties shall cooperate with any conciliator assigned to the case.” G.L.c. 152, §10(1). The conciliator “shall withdraw without prejudice the claim or complaint of any parly that fails to cooperate or to produce requested material.” G.L.c. 152, §10(1); see 452 Code Mass. Regs. §1.08(6), (7), (8). A party aggrieved by a conciliator’s withdrawal of a claim may appeal that determination to the Senior Judge of the Department, who issues a written decision either affirming the conciliator’s decision or sending the claim on to conference. G.L.c. 152, §10(2) (“Any party aggrieved by the conciliator’s withdrawal of a claim or complaint may file a written appeal with the senior judge who, if all requested information has been submitted, shall set a date for referral [to a conference]”). The statute and regulations are silent as to any further remedy available for a conciliator’s withdrawal decision.
Courts generally favor alternative dispute resolution mechanisms. See Drywall Sys., Inc. v. ZVI Constr. Co., Inc., 435 Mass. 664, 670 (2002), and cases discussed therein. Aprocess such as conciliation, embedded in the administrative law scheme of Workers’ Compensation and providing a non-binding opportunity for settlement, is such a mechanism. While the review of conciliator withdrawals by administrative judges is not problematic, it is not in keeping with the overall statutory scheme to interpret G.L.c. 152 in such a way that the parties are bound by the administrative judge’s decision without any remedy and deprived of access to the rest of the Workers’ Compensation system.[6]
Ordinarily, a party aggrieved by the action of an administrative agency may seek review through an action in the nature of certiorari in this court. G.L.c. 249, §4. “A ‘civil action in the nature of certiorari’ pursuant to G.L.c. 249, §4, serves to ‘correct errors’ in administrative proceedings by means of judicial review where such oversight is not otherwise provided by statute.” Yerardi’s Moody St. Rest, and Lounge, Inc. v. Board of Selectmen of Randolph, 19 Mass.App.Ct. 296, 300 (1985). “The requisite elements for availability of certiorari are (1) a judicial or quasi judicial proceeding (2) from which there is no other reasonably adequate remedy (3) to correct substantial error of law apparent in the record (4) that has resulted in manifest injustice to the plaintiff. . .” Board of Ret. v. Woodward, 446 Mass. 698, 703 (2006).
The standard of review under G.L.c. 249, §4 is very narrow in scope. “The reviewing judge is limited to what is contained in the record of proceedings below, and it is settled that the standard of review in an action in the nature of certiorari is to correct substantial errors of law apparent on the record adversely affecting material rights.” Police Comm’r of Boston v. Robinson, 47 Mass.App.Ct. 767, 770 (1999) (internal quotations omitted). “The standard of review for an action in the nature of certiorari depends on ‘the nature of the action sought to be reviewed.’ ” The Black Rose, Inc. v. Boston, 433 Mass. 501, 503 (2001), quoting Boston Edison Co. v. Boston Redev. Auth., 374 Mass. 37, 49 (1977). In contexts similar to that of the *90 present case, such review is limited solely to whether the agency’s decision was arbitrary and capricious, or contrary to law. See Caswell v. Licensing Comm'n for Brockton, 387 Mass. 864, 878 (1983).
Nothing in G.L.c. 152 or the relevant regulations prevents the application of certiorari to the decision of the Senior Judge on a conciliator’s withdrawal. The Senior Judge’s decision on a conciliator’s withdrawal is a final decision that is not otherwise reviewable within the agency. Section 10A(3) of chapter 152 allows for appeals of an administrative judge’s conference order, as is clear when interpreting the section as a whole, and does not apply to decisions on conciliator withdrawals.[7]
Declaratory judgment relief is not ordinarily denied solely because another avenue for relief is available, unless “special reasons exist against the use of the declaratory process.” Samel v. Pittsfield Licensing Bd., 377 Mass. 908, 908 (1978). The plaintiffs argue that the defendants’ actions in not properly administering the Workers’ Compensation scheme deprived them of due process, rather than that the system itself is unconstitutional. When the plaintiffs’ claims require analysis of the administrative official’s actions and not solely interpretation of the relevant statute, an action in the nature of certiorari is the more appropriate remedy. Compare G.L.c. 249, §4 (“A civil action in the nature of certiorari to correct errors in proceedings which are not according to the course of the common law... may be brought in the ... superior court...”), with G.L.c. 231A, §1 (“[T]he superior court. . . may on appropriate proceedings make binding declarations of right, duty, status and other legal relations sought thereby . . .”). Thus, even though this court does not agree with the defendants’ view that the plaintiffs have an available remedy in an appeal under G.L.c. 152, §10A(3), see note 7 supra, in view of the existence of a viable alternative remedy, namely, an action in the nature of certiorari, it is appropriate to allow the defendants’ Motion to Dismiss.
CONCLUSION AND ORDER
For the foregoing reasons, the defendants’ Motion to Dismiss is ALLOWED. The proper remedy for the plaintiffs is to seek review through an action in the nature of certiorari pursuant to G.L.c. 249, §4.

Plaintiffs acknowledge the claims of Nolan, Greenfield, Kuria and Blanchard are moot and the parties agree they should be dismissed.

The Commissioner and Senior Judge are Paul Buckley and Martine Carroll, respectively. At the time the plaintiffs filed suit, these positions were held by Henry Swiniarski and James LaMothe.

Withdrawal by a conciliator is comparable to dismissal without prejudice, allowing a party to re-file a claim with the Department.

While it is unnecessary to consider the potential constitutional issues that might arise if no remedy was available in this case, because of the availability of review under G.L.c. 249, §4, as discussed below, it is important to note that Article 11 of the Constitution of the Commonwealth guarantees an individual a right to a “remedy, by having recourse to the laws, for all injuries or wrongs which be may receive in his person, property, or character ...”

The Department has suggested in its brief that G.L.c. 152, §10A(3) would provide for an appeal of an affirmance of a conciliator’s withdrawal. That section provides a full eviden-tiary hearing before an administrative judge, and the opportunities for appeal which result therefrom. While the statute does not provide that remedy for appeals from the Senior Judge’s decision on a conciliator’s withdrawal, the Department is certainly capable of instituting such a remedy by regulation. If that review existed, it would eliminate the necessity of review of such decisions by this court.